UNITED STATES DISTRICT COURT
DISTRICT COURT OF CONNECTICUT

---

| | |
|---|---|
| **CHRISTINE GRAICHEN,** | : CIVIL ACTION NO. |
| **Plaintiff,** | : |
| -against- | : |
| **THE CONNECTICUT NOVELTY COMPANY d/b/a MALLOVES JEWELERS, and MARC LEVIN,** | : |
| **Defendants** | : JUNE 23, 2022 |

---

## COMPLAINT

### Introduction

1.     This is an action brought by Plaintiff Christine Graichen as a result of Defendants' Marc Levin and The Connecticut Novelty Company d/b/ Malloves Jewelers ("Malloves") failure to pay overtime in violation of Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter "FLSA") and the Connecticut Minimum Wage Act, Conn. Gen. Stat. §31-58 *et seq*. (hereinafter "CMWA").

### The Parties

2.     Plaintiff, Christine Graichen ("Plaintiff" or "Ms. Graichen") is an individual residing at all relevant times in Middlefield, Connecticut.

3.     Defendant The Connecticut Novelty Company d/b/a Malloves Jewelers ("Malloves") is a Connecticut corporation with its principal place of business located at 404 Main Street, Middletown CT 06457.

4.     Defendant Malloves is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

5. Defendant Malloves has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

6. Defendant Marc Levin owns and operates Malloves. As such, Mr. Levin is responsible for setting hours and wages for all Malloves' employees, including the plaintiff.

7. Within the three years prior to the filing of this Complaint, Defendant Malloves had an annual gross volume of sales in excess of $500,000.

**Jurisdiction**

8. The United States District Court for the District of Connecticut has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337 because it asserts a claim under the FLSA.

9. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Venue**

10. Venue is proper in the District of Connecticut under 28 U.S.C. § 1391, as Defendants are located within the State of Connecticut, and are subject to this Court's personal jurisdiction.

**Background**

11. Plaintiff was employed by Defendants from approximately 1997 to March 2023. At all relevant times, Plaintiff worked primarily as an Office Manager at Malloves, under the supervision of Defendant Levin.

12. Plaintiff was a non-exempt employee under the FLSA.

13. Plaintiff performed job duties and responsibilities that render her non-exempt under the FLSA. Plaintiff's job duties included coordinating all marketing efforts, including special events, the store's website, designing billboards, television commercials and other advertising, as well as phone calls, emails, social media and text messages. Plaintiff was also responsible for tracking monthly Excel sheets for entering credit card totals and sales numbers, meeting monthly with the store's personal accountant to balance the books, comparing the details in the paper ledger with the Excel numbers and the point of sale programs. Plaintiff handled Human Resources, including commission reports, sales contests sales promotions, new employee interviewing and training, creating training and job manuals. She was also responsible for assisting with jewelry appraisals, customer complaints and special orders, jewelry buying and inventory, merchandising cases and creating and setting up window displays, dealing with computer issues, locating and ordering any items needed by store staff to do their jobs, shipping and receiving.

14. Plaintiff had no supervisory responsibilities, did not set policy, did not hire or fire employees, did not sign checks or contracts on behalf of Defendant, and did not regularly exercise discretion and independence with respect to matters of significance.

15. At all times during her employment with Defendant, Plaintiff was not paid overtime at the rate of one and one-half times her regular hourly rate for overtime as that term is defined by FLSA.

16. During the relevant period, Plaintiff was paid a straight salary of $1200 per week, whether she worked 40 hours per week or more than 40 hours per week.

17. Throughout her employment, Plaintiff regularly worked approximately forty-five (45) to sixty (60) hours per week, and frequently worked seven days per week, including holidays.

18. In addition to the hours worked at Malloves' retail location, Plaintiff usually worked three (3) to four (4) hours per week from her home computer, designing ads, promoting special events, and drafting agendas, sales plans and employee memos for Defendant Levin, as well as putting in extra hours for special events, such as Facebook Live Shopping Events, Ladies Night and Toy Drive each December, and specialty jewelry shows and book signings.

19. On March 18, 2021, April 29, 2021, February 22, 2022, March 3, 2022, October 6, 2022, and January 6, 2023, Defendants held Facebook Live shopping events, which required Plaintiff to spend an additional six (6) hours preparing for and running each Facebook Live presentation. Plaintiff was not paid any compensation for these additional hours worked.

20. Although Defendants purportedly paid Plaintiff a straight $1200 wage per week, any time worked less than 40 hours per week resulted in time being deducted from Plaintiff's weekly paycheck. For instance, if Plaintiff missed three (3) hours of work due to a medical appointment or treatment, three (3) hours of time was deducted from her paycheck, no matter how many hours she did work that week.

21. During the last three years of her employment, Defendants failed to pay Plaintiff overtime compensation, as required by the FLSA and CMWA, for all the hours she worked in excess of forty per workweek.

**COUNT ONE:** **FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**

1-21     Paragraphs one through twenty-one above are incorporated by reference and made paragraphs one through twenty-one of Count One as though fully set forth herein.

22.     At all times during the course of her employment with Defendant, Plaintiff performed job duties which rendered her non-exempt under the Fair Labor Standards Act ("FLSA").

23.     The FLSA requires Defendants to pay overtime compensation for all hours worked in excess of forty hours in a work week at the rate of one and one half (1½) times the regular hourly rate.

24.     Plaintiff is entitled to overtime compensation for hours worked in excess of forty hours per week for periods in which she worked.

25.     Defendants failed to accurately report, record and/or preserve records of hours worked by Plaintiff sufficient to determine her wages, hours and other conditions and practices of employment, in violation of the FLSA.

26.     Defendants failed to pay Plaintiff any compensation for any hours over 40 worked in a single work week, including the rate of one and one half (1½) times the regular hourly rate to which she was entitled, thereby violating the FLSA and its implementing regulations.

27.     Defendants were aware that the practices described in this Complaint were unlawful, and knowingly and intentionally violated the FLSA.

28.     By virtue of the above, Defendants' violated the FLSA.

29.     As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover all overtime hours worked computed at one and one-half times her regular

hourly rate, liquidated damages, attorneys' fees and costs, and all other remedies available at law or in equity.

**COUNT TWO:      CONNECTICUT MINIMUM WAGE ACT – UNPAID OVERTIME**

1-21    Paragraphs one through twenty-one above are incorporated by reference and made paragraphs one through twenty-one of Count Two as though fully set forth herein.

30.    At all relevant times, Defendants were an "employer" within the meaning of Conn. Gen. Stat. §§ 31-58(d) and 31-71a(1). At all relevant times, Defendants employed the Plaintiff within the meaning of Conn. Gen. Stat. § 31-58(g). At all relevant times, the Plaintiff was an employee of Defendants within the meaning of §§ 31-58(e) and 31-71a(2).

31.    Defendants, for all of the reasons articulated above, violated Plaintiff's right to be paid overtime wages as contained in the Connecticut Minimum Wage Act.

32.    Plaintiff was misclassified as exempt under the CMWA and is entitled to overtime compensation under that statute during the period of time in which she was employed as Office Assistant and Office Manager.

33.    Under the CMWA and its implementing Regulations, Defendants were required to pay Plaintiff one and one (1½) half times the regular rate of pay for all hours worked in excess of forty hours in a workweek.

34.    Defendants failed to pay Plaintiff any compensation for any hours over 40 worked in a single work week, including the rate of one and one half (1½) times the regular hourly rate to which she was entitled, thereby violating the CMWA and its implementing regulations.

35.    Defendants willfully violated the CMWA by knowingly and intentionally failing to pay Plaintiff overtime wages.

36. As a result of Defendants' willful violations of the CMWA, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

**COUNT THREE:     VIOLATION OF CONNECTICUT GENERAL STATUTE § 31-72**

1-21    Paragraphs one through twenty-one above are incorporated by reference and made paragraphs one through twenty-one of Count Three as though fully set forth herein.

37. Defendants, for all of the reasons articulated above, violated Plaintiff's right to be paid overtime wages as contained in the Connecticut Minimum Wage Act.

38. Plaintiff was misclassified as exempt under the CMWA and is entitled to overtime compensation under that statute during the period of time in which she was employed as an Office Manager.

39. Defendants failed to pay Plaintiff proper overtime compensation for hours worked in excess of forty per week.

40. Defendants have a policy and practice of failing and refusing to play Plaintiff for all hours worked in violation of the Connecticut Minimum Wage Act, C.G.S. § 31-58, *et seq*.

41. Defendant's violations of the CMWA were unreasonable, arbitrary and/or in bad faith.

42. As a result of Defendant's willful violations of the CMWA, Plaintiff has been deprived of earned wages in amounts to be determined at trial.  Plaintiff is entitled to unpaid overtime compensation.

43. In addition, Plaintiff is entitled to penalty (or double) damages, interest, attorneys' fees and costs, and any other relief she is entitled to under law or in equity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. An award of unpaid wages under the Fair Labor Standards Act;

b. An award of unpaid wages under the Connecticut Minimum Wage Act;

c. An award of unpaid wages under Conn. Gen. Stat. § 31-72;

d. An award of liquidated damages under the Fair Labor Standards Act;

e. An award of penalty damages under the Connecticut Minimum Wage Act;

f. An award of penalty damages under Conn. Gen. Stat. § 31-72;

g. Interest and costs;

h. Attorneys' fees and costs under the Fair Labor Standards Act, the Connecticut Minimum Wage Act, and Conn. Gen. Stat. § 31-72;

i. Such other relief as in law or equity may pertain.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

By: */s/ Claire M. Howard*
Claire M. Howard (ct29654)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street Hartford, CT 06103
Tel.: (860) 246-2466
Fax: (860) 246-1794
choward@mppjustice.com
Attorney for Plaintiff