## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTINE GRAICHEN | : | No. 3:23-cv-00824 (MPS) |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| CONNECTICUT NOVELTY COMPANY | : | |
| d/b/a MALLOVES JEWELERS AND | : | |
| MARC LEVIN | : | |
| Defendant. | : | SEPTEMBER 1, 2023 |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Connecticut Novelty Company d/b/a Malloves Jewelers ("Malloves") and Marc Levin ("Levin", with Malloves, "Defendants"), by and through their undersigned counsel, hereby answer and set forth their affirmative defenses to Plaintiff Christine Graichen's ("Plaintiff") Complaint as follows:

### Introduction

1.      Defendants admit Plaintiff brought an action alleging certain claims under the Fair Labor Standards Act ("FLSA") and the Connecticut Minimum Wage Act ("CMWA"). Defendants deny the substantive allegations in this action forming the basis of the alleged claims.

### The Parties

2.      Admitted.

3.      Admitted.

4.      Denied.

5.      Denied.

6.      Admitted.

7.      Admitted.

**Jurisdiction**

8.      Defendants admit that Plaintiff asserts claims under the FLSA, and, as such, this District Court has subject matter jurisdiction. Defendants deny any liability under the FLSA. Except as so stated, the allegations in this paragraph set forth a legal conclusion to which no response is required.

9.      Defendants admit that Plaintiff asserted state law claims over which this Court may exercise supplemental jurisdiction. Provided, however, Defendants deny any liability under the FLSA, and deny this District Court can exercise supplemental jurisdiction when the FLSA claims are dismissed. Except as so stated, the allegations in this paragraph set forth a legal conclusion to which no response is required.

**Venue**

10.     Defendants admit they are located within the State of Connecticut and subject to this Court's personal jurisdiction provided Plaintiff can maintain its FLSA claim against Defendants which Defendants deny.

11.     Defendants admit Malloves employed Plaintiff beginning in or about 1997 on a part-time basis, and on a full-time basis in 2002. Defendants admit Plaintiff thereafter worked for Malloves until March 2023 when her employment was terminated as a result of her efforts to destroy company property in an effort to conceal her theft from Malloves. Defendants admit Plaintiff worked under the direction of Levin, though she was given considerable reign in the exercise of her responsibilities for Malloves. Defendants admit she worked as an office manager during the relevant time for the claims in this case. Except as so stated, Defendants deny the remaining allegations contained in Paragraph 11.

12.     Denied.

13.     Defendants deny her job duties and responsibilities rendered her non-exempt under the FLSA, and deny she created training manuals. Defendants admit that Plaintiff assisted in various aspects of the business including the areas identified in Paragraph 13 (except as otherwise stated). Except as so stated, Defendants deny the remaining allegations contained in Paragraph 13.

14.     Defendants admit that Plaintiff was involved in the hiring and firing of employees, signed contracts on behalf of Malloves and exercised discretion and independence with respect to matters of significance as evidenced by her theft from Malloves through, among other things, her use of Malloves' credit cards and financial resources for her own personal gain without the knowledge of Levin. Except as so stated, Defendants deny the remaining allegations contained in Paragraph 14.

15.     Defendants admit Plaintiff was not paid overtime at the rate of one and one-half times her regularly hourly rate as she was an exempt employee. Defendants deny any implication Plaintiff was entitled to overtime as an exempt employee.

16.     Defendants admit Plaintiff was paid on a salaried basis of $1,200 per week during the relevant time period for the claims in this case as an exempt employee. Defendants deny any implication Plaintiff was entitled to overtime as an exempt employee.

17.     Denied.

18.     Defendants admit Plaintiff was allowed to work on certain occasions. Defendants deny any implication Plaintiff worked "extra hours", or any implication she worked excessive hours. Defendants further state Plaintiff was given considerable flexibility and discretion in her work schedule.

19.     Defendants admit Plaintiff assisted in conducting Facebook Live events on certain dates the dates of which are subject to verification. Except as so stated, Defendants deny the remaining allegations contained in Paragraph 19 and Defendants further deny any implication she worked "additional" hours or she was entitled to additional compensation.

20.     Denied.

21.     Defendants deny Plaintiff was entitled to overtime compensation under either the FLSA or the CMWA for hours worked beyond forty hours (if any) as she was an exempt employee.

**COUNT ONE: FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**

1-21.   Defendants incorporate by reference and re-allege their responses to Paragraphs 1 through 21 above as if fully set forth herein.

22.     Denied.

23.     The allegations in Paragraph 23 purports to summarize certain requirements of the FLSA. Defendants deny Plaintiff was entitled to any overtime compensation.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

**COUNT TWO: CONNECTICUT MINIMUM WAGE ACT – UNPAID OVERTIME**

1-21.   Defendants incorporate by reference and re-allege their responses to Paragraphs 1 through 21 above as if fully set forth herein.

30.    The allegations contained in Paragraph 30 state legal conclusions to which no response is required.  To the extent a response is required, denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

**COUNT THREE: VIOLATION OF CONNECTICUT GENRAL STATUTE § 31-72**

1-21.    Defendants incorporate by reference and re-allege their responses to Paragraphs 1 through 21 above as if fully set forth herein.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

**AFFIRMATIVE DEFENSES**

Defendants asserts the following affirmative defenses in response to Plaintiff's Complaint.  Nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief exceed that which is permitted by statute, and, therefore, must be denied.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants acted at all times in good faith.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the equitable doctrine of unclean hands due to her own bad faith conduct including her theft from Malloves.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants are entitled to a set-off for any amounts allegedly owed as a result of Plaintiff's theft from Malloves by using Malloves' credit cards and financial resources for her own personal gain.

**SEVENTH AFFIRAMTIVE DEFENSE**

Plaintiff is an exempt employee.

Dated:  September 1, 2023

By: /s/ Jonathan M. Shapiro
Jonathan M. Shapiro (ct24075)
Aeton Law Partners LLP
311 Centerpoint Drive
Middletown, Connecticut  06457
Telephone:  (860) 724-2160
Facsimile:  (860) 724-2161
Email: jms@aetonlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

This 1st day of September, 2023.

/s/ Jonathan M. Shapiro ct24075
Jonathan M. Shapiro