UNITED STATES DISTRICT COURT
DISTRICT COURT OF CONNECTICUT

---

| | |
|---|---|
| **CHRISTINE GRAICHEN,** | : CIVIL ACTION NO. |
| Plaintiff, | : 3:23cv824 (MPS) |
| -against- | : |
| **THE CONNECTICUT NOVELTY COMPANY d/b/a MALLOVES JEWELERS, and MARC LEVIN,** | : |
| Defendants | : September 18, 2023 |

---

## REPORT OF PARTIES' PLANNING MEETING

| | |
|---|---|
| Date Complaint Filed: | June 23, 2023 |
| Date Complaint Served: | July 6, 2023 (by waiver of service of summons) |
| Date of Defendants Counsel's Appearance: | July 20, 2023 |
| Defendant's Answer Due: | August 28, 2023 |

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 26(f), undersigned counsel for the parties conferred by telephone on September 18, 2023 as well as by exchanging electronic drafts of this Report and by email. The participants were Claire M. Howard for the Plaintiff, Christine Graichen; and Jonathan M. Shapiro for the Defendants, the Connecticut Novelty Company d/b/a Malloves Jewelers and Marc Levin.

**I. CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses, and any

1

possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. SUBJECT MATTER JURISDICTION

Plaintiff and Defendants agree that the Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, provided, however, Defendant maintains that this Court cannot exercise supplemental jurisdiction over the state law claims if the federal claims are dismissed.

### B. PERSONAL JURISDICTION

Personal jurisdiction is not contested.

## III. BRIEF DESCRIPTION OF CASE

### CLAIMS OF PLAINTIFF

Plaintiff, Christine Graichen, claims that during her employment with Defendant she regularly worked more than forty hours per week but was only paid for forty hours of work. Plaintiff alleges that Defendants failed to compensate her for this off the clock overtime, in violation of FLSA and CMWA.

### DEFENSES AND CLAIMS

Defendants assert several affirmative defenses as follows: (1) Plaintiff's Complaint fails to state a claim upon which relief can be granted; (2) Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations; (3) Plaintiff's claims for relief exceed that which is permitted by statute, and, therefore, must be

denied; (4) Defendants acted at all times in good faith; (5) Plaintiff's claims are barred by the equitable doctrine of unclean hands due to her own bad faith conduct including her theft from Malloves; (6) Defendants are entitled to a set-off for any amounts allegedly owed as a result of Plaintiff's theft from Malloves by using Malloves' credit cards and financial resources for her own personal gain; and (7) Plaintiff is an exempt employee.

IV. **STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state the following as undisputed material facts.

1. Defendant The Connecticut Novelty Company d/b/a Malloves Jewelers ("Malloves") is a Connecticut corporation with its principal place of business located at 404 Main Street, Middletown, CT.
2. Defendant Marc Levin is the sole shareholder of Malloves and owns and operates Malloves.
3. Plaintiff began her employment with Defendants in 1997.

V. **CASE MANAGEMENT PLAN**

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows**:**

A. **SCHEDULING CONFERENCE WITH THE COURT**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

B. **EARLY SETTLEMENT CONFERENCE**

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is not likely at this time.

2.  The parties do not request an early settlement conference.

3. The parties do not prefer a settlement conference with a United States Magistrate Judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### C. JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

Further amendment of pleadings and joinder of additional parties should be permitted in accordance with the Federal Rules of Civil Procedure and applicable caselaw regarding amendment of pleadings and joinder of parties.

### E. DISCOVERY

1. The parties anticipate that discovery will be needed on the following subjects: (i) all subjects and issues fairly arising out of plaintiff's claims, including plaintiff's job duties and working hours, and defendant's wage-related policies and payroll practices; (ii) all subjects and issues fairly arising out of defendant's defenses to plaintiff's claims; and (iii) plaintiff's claims for alleged damages. The parties reserve the right to conduct discovery based upon any additional facts discovered.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by **August 8, 2024.**

3. Discovery will not be conducted in phases.

4. The parties anticipate that the Plaintiff will require approximately 5-6 depositions of fact witnesses and counsel for the Defendants will require approximately 5-6depositions of fact witnesses.  However, the parties reserve the right to take as many depositions as are permitted by the Federal Rules, or pursuant to an Order of the Court.  All depositions will be completed by **August 8, 2024.**

5. The parties reserve the right to request permission to serve more than twenty-five interrogatories.

6. The parties have not yet determined if they intend to designate trial experts.

7. The Plaintiff will designate all trial experts, and provide opposing counsel with reports from any retained experts pursuant to Fed. R. Civ. P. 26(a)(2), by **March 15, 2024**, a date not later than three months before the deadline for completing all discovery. Depositions of any such experts will be completed by **April 15, 2024**, a date not later than two months before the deadline for completing all discovery.

8. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **May 15, 2024**, a date not later than one month before the deadline for completing all discovery. Depositions of such experts will be completed by **June 14, 2024**, a date not later than the discovery cutoff date.  However, if Defendant intends to designate a trial expert on any issue for which Defendant has the burden of proof, Defendant will disclose any such

expert by **February 1, 2024** so that Plaintiff has an opportunity to depose said expert and retain a rebuttal expert before the discovery deadline.

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by **January 15, 2024**.

10. The undersigned counsel have discussed the disclosure and preservation of electronically stored information (ESI), including, but not limited to, the form in which such ESI shall be produced, search methods to be applied in connection with the retrieval and production of such ESI, the location and format of ESI, appropriate steps to preserve ESI, and the allocation of costs of assembling and producing such information.  The parties agree to the following procedures for the preservation, disclosure and management of ESI.  Following is the position of each party:

    a) Parties will provide ESI that is relevant, responsive, not privileged, and not inaccessible.

    b) The undersigned counsel have discussed the preservation of ESI.  The parties agree to preserve relevant ESI and have instructed document and ESI custodians of this obligation.

    c) ESI will be produced in a reasonably usable form that complies with Rule 26 of the Federal Rules of Civil Procedure.  The parties agree that ESI production in .pdf format is a reasonably usable form, provided however, nothing herein shall preclude any party from requesting the production of ESI in another format including native formats.

d) The parties agree to work cooperatively to try and reach agreement regarding search terms that are reasonably calculated to lead to the discovery of admissible evidence, including identifying individuals whose communications should be searched, and date ranges for proposed searches.

e) As part of the discussions about appropriate search terms, counsel for the responding party will consult with the individuals who sent or received relevant communications and identify proposed search terms. After the consultations with the custodians, counsel for the responding party will propose search terms to counsel for the requesting party, and counsel will then confer and try to reach agreement on the proposed search terms that will be used.

f) However, proposed search terms will not be the exclusive means of searching for electronically stored information, as the responding party is still obligated to identify and produce responsive and discoverable documents about which it is aware regardless of whether those documents contain one of the agreed upon search terms.

g) If the parties conduct a meet and confer regarding a search but reach an impasse and are unable to resolve the dispute, the requestor may bring the issue to the Court for resolution pursuant to the Federal Rules of Civil Procedure, the Local Rules of the District of Connecticut and any applicable bench rules and/or individual

practices.

14. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree that the procedures outlined in Federal Rule 26(b)(5)(B) shall be followed in the event that any such privileged documents are inadvertently disclosed during discovery.

15. Counsel for both Plaintiff and Defendants consent to service of discovery by electronic mail.

## F. SUMMARY JUDGMENT MOTIONS

Dispositive motions will be filed on or before **September 22, 2024**, or forty-five (45) days after discovery closes, whichever is later. Responses to dispositive motion shall be filed within forty-five (45) days of the filing of any dispositive motion.

## G. JOINT TRIAL MEMORANDUM

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **September 22, 2024**, or thirty (30) days after this court rules on any summary judgment motions, whichever is later.

## VI. TRIAL READINESS

The case will be ready for trial by **October 22, 2022**, or thirty (30) days after the joint trial memorandum is filed, whichever is later.

As officers of the Court, undersigned counsels agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| PLAINTIFF, CHRISTINE GRAICHEN | DEFENDANTS, CONNECTICUT NOVELTY COMPANY d/b/a MALLOVES JEWELERS, and MARC LEVIN |
|---|---|
| By: */s/ Claire M. Howard*<br>   Claire M. Howard, Esq.(ct29654)<br>   Madsen, Prestley & Parenteau, LLC<br>   402 Asylum Street<br>   Hartford, CT 06103<br>   choward@mppjustice.com<br>   Tel. (860) 246-2466<br>   Fax: (860) 246-1794<br>   Attorneys for the Plaintiff | By: */s/ Jonathan M. Shapiro*<br>   Jonathan M. Shapiro, Esq. (ct24075)<br>   Kara Anne Newell, Esq. (ct31462)<br>   Aeton Law Partners LLP<br>   311 Centerpoint Drive<br>   Middletown, CT 06457<br>   jms@aetonlaw.com<br>   kara@aetonlaw.com<br>   Tel. (860) 724-2160<br>   Fax: (860) 724-2161<br>   Attorneys for the Defendants |

## CERTIFICATION OF SERVICE

I hereby certify that on September 18, 2023, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

   */s/ Claire M. Howard*
   Claire M. Howard