UNITED STATES DISTRICT COURT
DISTRICT COURT OF CONNECTICUT

---

| | |
|---|---|
| **CHRISTINE GRAICHEN,** | : CIVIL ACTION NO.<br>: 3:23-cv-00824-MPS |
| Plaintiff, | : |
| -against- | : |
| **CONNECTICUT NOVELTY COMPANY d/b/a MALLOVES JEWELERS, and MARC LEVIN,** | : |
| Defendants | : FEBRUARY 1, 2024 |

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

### I. INTRODUCTION

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and Local Rule 7(f) of the District of Connecticut, Plaintiff, Christine Graichen ("Plaintiff") respectfully moves to file her proposed First Amended Complaint, copies of which are attached hereto.[1]

Plaintiff is seeking to amend her complaint at this juncture to incorporate additional facts relating to Plaintiff's existing claims, as well as incorporate facts and allegations pled in Plaintiff's charge with the Commission on Human Rights and Opportunities ("CHRO") against Defendants, Connecticut Novelty Company d/b/a Malloves Jewelers and Marc Levin ("Defendants"). Specifically, Plaintiff brought claims of a hostile work environment, sexual harassment, gender discrimination and retaliation to the CHRO on June 23, 2023, and on November 28, 2023, Plaintiff received a Release of Jurisdiction from the CHRO for those claims. Plaintiff's counsel inquired into whether Defendant would consent to the Amended

---

[1] In accordance with Local Rule 7(f) of the District of Connecticut, Plaintiff has attached a clean version of her proposed First Amended Complaint as <u>Exhibit A</u>, and a redlined version of her proposed First Amended Complaint, which should reflect the changes proposed against the current pleading, as <u>Exhibit B</u>.

Complaint on January 30 and February 1, 2024. Defendant's counsel responded, on February 1, 2024: "Until I see the contents, I cannot take a position."

This action is still in the early stages – discovery does not conclude until August 8, 2024. Plaintiff's amendment will not cause a delay in the administration of Plaintiff's claim. The parties have exchanged responses to the Initial Employment Discovery Protocols and Plaintiff has served her first set of discovery requests on Defendants; responses to Plaintiff's discovery requests are due February 2, 2024. The parties have not conducted any other discovery or taken any depositions. Plaintiff's Application for Pre-Judgment Remedy is focused on her preexisting claim for overtime violations and will not incorporate the new claims in her Amended Complaint. Therefore, no additional resources will have to be dedicated by either party to conduct discovery or prepare for trial.

## II. **PLAINTIFF SHOULD BE PERMITTED TO AMEND HER COMPLAINT**

Rule 15 of the Federal Rules of Civil Procedure "has been construed broadly regarding the allowance of an amendment of pleadings. The decision of whether to allow an amendment lies solely within the discretion of the trial court, and such discretion should be employed in conjunction with the 'liberalizing spirit of the Federal Rules.'" *United States v. Continental Ill. Nat'l Bank and Trust Co.*, 889 F.2d 1248, 1254 (2d Cir. 1989) (citing Fed. R. Civ. P. 1). The result of such liberal allowance is that a plaintiff should be allowed to test its claim on the merits if the facts upon which it relies provide a proper basis for relief." *In re Smith*, 204 B.R. 358, 360 (Bkrtcy E.D.N.Y. 1997).

"The courts of the Second Circuit have held that in order to deny leave to amend a pleading, a showing other than mere delay on the part of the movant is required. *See*

*Rachman Bag Co. v. Liberty Mutual Ins. Co.*, 46 F.3d 230, 234-35 (2d Cir. 1995); *State Teachers Retirement Bd v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). This additional showing beyond mere delay can include bad faith of the movant or undue prejudice to the party opposing the motion for leave to amend. The opponent of the motion for leave to amend has the burden of establishing one of these additional factors." *In re Smith*, 204 B.R. 358, 360–61 (Bkrtcy E.D.N.Y. 1997). *See also Phillips v. Kidder, Peabody & Co.*, No. 87 Civ. 4936, 1994 WL 570072 *4 (S.D.N.Y. Oct. 13, 1994).

In accordance with these principles, courts have permitted plaintiffs to amend pleadings where the additional claims incorporated into the amended complaint were based on the same facts and transactions, did not require significant delays of a trial or the expansion of discovery, and where no dispositive motions had yet been filed. *See In re Smith*, 204 B.R. at 361–62; *Union Carbide Corp. v. Siemens Westinghouse Power Corp.*, No. 99 Civ. 12003, 2002 WL 31387269 *3 (S.D.N.Y. Oct. 23, 2002).

Plaintiff's proposed Amended Complaint merely incorporates facts in support of allegations of retaliation, sexual harassment, and discrimination that were contained in Plaintiff's complaint filed with the CHRO against Defendants. As Defendants were represented by the same counsel during Plaintiff's complaint filed with the CHRO, they are well aware of the Plaintiff's allegations.

Defendant will not suffer any undue prejudice as a result of the proposed amendments to the Complaint. Discovery in this case closes on August 8, 2024. To date, no depositions have been taken and Defendant has not propounded discovery.

Accordingly, the interests of justice support Plaintiff's motion for leave to amend the complaint.

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant Plaintiff leave to amend the Complaint.

By: */s/ Claire M. Howard*
Claire M. Howard (ct29654)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street Hartford, CT 06103
Tel.: (860) 246-2466
Fax: (860) 246-1794
choward@mppjustice.com
Attorney for Plaintiff

### CERTIFICATION OF SERVICE

I hereby certify that on February 1, 2024, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Claire M. Howard*
Claire M. Howard