UNITED STATES DISTRICT COURT
DISTRICT COURT OF CONNECTICUT

---

| | |
|---|---|
| CHRISTINE GRAICHEN, | : CIVIL ACTION NO. |
| | : 3:23-cv-00824-MPS |
|                 Plaintiff, | : |
| | : |
| -against- | : |
| | : |
| CONNECTICUT NOVELTY COMPANY d/b/a | : |
| MALLOVES JEWELERS, and MARC LEVIN, | : |
|                 Defendants | : FEBRUARY 2, 2024 |

---

### PLAINTIFF'S OBJECTION TO
### DEFENDANT'S MOTION FOR EXTENSION OF TIME
### TO RESPOND TO DISCOVERY (DOC. 30)

Plaintiff, Christine Graichen, through her undersigned counsel, hereby objects to Defendants' Motion for Extension of Time. By their Motion, Defendants seek a 30 day extension of time to respond to Plaintiff's First Set of Interrogatories and Requests for Production; however defendant has not established the requisite good cause for the motion to be granted, particularly given the upcoming hearing for Plaintiff's Application for PreJudgment Remedy.

**I. Background**

This is an action arising out of the termination of Plaintiff's employment by Defendants. On or about September 18, 2023, the Court issued a Scheduling Order (Doc. 21) substantially similar to what was proposed by the parties in their Rule 26f Report of Parties' Planning Meeting. In accordance with the Court's Order for Initial Discovery Protocols ("IDP") for Fair Labor Standards Act cases (Doc. 6), Plaintiff provided her responses on October 4, 2023. However, Defendants initially failed to

provide their responses.  Defendant did not provide their IDP responses until December 14, 2023, after Plaintiff repeatedly inquired as to the status of their responses and eventually threatened to file a motion to compel. Exhibits A and B.[1]

On November 29, 2023, Plaintiff filed an Application for PreJudgment Remedy, which was then referred to Magistrate Judge Vatti who held a prehearing conference on January 2, 2024.  During the prehearing conference a hearing on Plaintiff's Application was set for February 20, 2024.  In preparation for the February 20, 2024 hearing, Plaintiff propounded her first set of interrogatories and request for production on January 3, 2024.

## II. Defendant Fails to Demonstrate "Good Cause"

Loocal Rule 7(b)(1) makes clear that all motions for extensions of time "will not be granted except for good cause. The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension.' D. Conn. L. R. 7(b)(1).  Furthermore, the Local Rules also require that,

> "[a]ll motions for extension of time shall be filed at least three (3) business days before the deadline sought to be extended ... Any motion for extension of time filed fewer than three business days before the deadline sought to be extended shall, in addition to satisfying all other requirements of this Rule, set forth reasons why the motion was not filed at least three business days before the deadline in question." D. Conn. L. R. 7(b)(3).

---

[1] Defendants initially provided a response to Initial Discovery Protocols for Employment Cases on October 11, 2023; however, these responses did not encompass the information and documents sought under the appropriate Initial Discovery Protocols for FLSA cases issued in this case. After this was pointed out to Defendants' counsel on November 21, 2023 (See Exhibit B), it still took Defendants more than three weeks to produce the appropriate documents.

"Good cause may be established if the moving party can demonstrate that the deadlines cannot be reasonably be met despite the diligence of the party needing the extension ... the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Kassim v. City of Schenectady, 221 F.R.D. 363, 366 (N.Y.D.N.Y. 2003) (internal citations and quotations omitted).

Here, Defendants' Motion is not supported by "good cause."  Defendants merely state that "Counsel for Defendants has been diligently working on their responses however additional time is needed to prepare responses and gather responsive documents in consultation with the clients."  Defendant has not set forth any particularized showing that it exercised diligence in trying to respond to Plaintiff's discovery requests, and that despite its diligence, it has been unable to provide Plaintiff with any responsive information or documents.

Defendants' motion is part of their pattern of ignoring deadlines and delaying the progression of this case.  It took Defendants almost six months to provide its IDP responses, which were ordered by the Court on June 26, 2023.  Additionally, at no point in their motion did Defendants even attempt to explain why they filed their Motion for Extension the day before their responses were due, instead of the three days required by Local Rule 7((b)(3).  *See Connecticut Fair Housing Ctr v. Corelogic Rental Property Solutions LLC*, Docket No. 3:18-cv-705-VLB, 2022 U.S. Dist. LEXIS 37399, at *6 (D. Conn. Mar. 3, 2022) (denying parties motion for extension of time under Local Rules 7(b)(1) and 7(b)(3).

For the foregoing reasons, Defendants' motion for extension of time should be denied.

By:  */s/ Claire M. Howard*
Claire M. Howard (ct29654)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street Hartford, CT 06103
Tel.: (860) 246-2466
Fax: (860) 246-1794
choward@mppjustice.com
Attorney for Plaintiff

## CERTIFICATION OF SERVICE

I hereby certify that on February 2 2024, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Claire M. Howard*
Claire M. Howard