**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **CHRISTINE GRAICHEN** | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:23CV00824 (MPS)** |
| **v.** | : | |
| | : | |
| **THE CONNECTICUT NOVELTY COMPANY,** | : | |
| **INC., d/b/a MALLOVES JEWELERS, and** | : | |
| **MARC LEVIN** | : | |
| **Defendants.** | : | **FEBRUARY 13, 2024** |

### PRE-HEARING BRIEF ON PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY AND MOTION FOR DISCLOSURE

### I.    INTRODUCTION

The Plaintiff, Christine Graichen, hereby submits her brief in advance of the Court's Hearing on Plaintiff's Application for Prejudgment Remedy ("PJR"), against Defendants Marc Levin and the Connecticut Novelty Company d/b/a Malloves Jewelers (hereinafter "Malloves"), scheduled for February 20, 2024. ECF No. 22.[1]

As discussed below, the primary issue before the Court at this hearing is whether there is probable cause to sustain the validity of Plaintiff's claim that Defendants Levin and Malloves violated the Fair Labor Standards Act ("FLSA") and Connecticut Minimum Wage Act ("CMWA") by failing to pay Plaintiff overtime.

### II.    Legal Standard for PJR Applications

Connecticut General Statutes § 52-278a et. seq. provides litigants with a right to seek prejudgment remedies to secure a potential judgment on their claims. *See also* D. Conn. L. Civ. R. 4(c) ("a party may secure a pre-judgment remedy ('PJR') as permitted by, and in accordance with, the law of the state of Connecticut.").

---

[1] For the purposes of the instant Application for Prejudgment Remedy, and without prejudice to her other claims, Plaintiff will rely solely on Count One (violation of the FLSA for failure to pay wages) and Count Two (violation of the CMWA).

Under Conn. Gen. Stat. § 52-278d, an application for a prejudgment remedy is granted if, after a hearing and "upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs, claims of exemption and claims of adequate insurance," the Court finds "that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought." Conn. Gen. Stat. § 52-278d(a).

For purposes of Conn. Gen. Stat. § 52-278d, probable cause is defined as a "bona fide belief in the existence of facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action." *Tyler v. Schnabel*, 34 Conn. App. 216, 219–20 (1994). "Probable cause for the purposes of the PJR statutes is a flexible common sense standard that does not demand that a belief be correct or more likely true than false." *Fischel v. TKPK, Ltd*, 34 Conn. App. 22, 24 (1994).

"Prejudgment remedy proceedings are not involved with the adjudication of the merits of the action brought by the plaintiff or with the progress or result of that adjudication. They are only concerned with whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of that action." *Benton v. Simpson*, 78 Conn. App. 746, 751-52 (2003) (internal citations removed). "After a [PJR] hearing, the Court must 'consider not only the validity of the plaintiff's claim but also the amount that is being sought. Additionally, the Court must evaluate not only the plaintiff's claim but also any defenses raised by the defendant.'" *Edelstein v. Lucas Brand Equity, LLC*, Docket No. 16 CV 1353

(WWE), 2017 U.S. Dist. LEXIS 84737, at *9 (D. Conn. June 2, 2017) (internal citations removed).

### III.    Issues Before this Court

The primary issue before the Court during the instant hearing is whether there is probable cause that Plaintiff will succeed in her Fair Labor Standards Act ( "FLSA") and Connecticut Minimum Wage Act ("CMWA") claims against Defendants Levin and Malloves.

The elements of a FLSA claim are that, "(1) the Defendant is an enterprise participating in commerce or the production of goods for the purpose of commerce; (2) the Plaintiff is an 'employee' within the meaning of the FLSA; and (3) the employment relationship is not exempted from the FLSA." *Rodriguez v. Ridge Pizza Inc.*, Docket No. CV 16-00254 (DRH) (AKT), 2018 U.S. Dist. LEXIS 42862, at *14 (E.D.N.Y. Mar. 15, 2018).  See *Perry v. City of New York*, 13 Civ. 1015(JMF), 2013 WL 6641893 (S.D.N.Y. Dec. 17, 2013) (Generally identifying that Plaintiffs worked over 40 hours but did not identify specific weeks that overtime was worked was sufficient to state a FLSA claim).

The Connecticut Minimum Wage Act sets forth that:

When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i . . . such employee or labor organization shall recover, in a civil action, (1) twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court, or (2) if the employer establishes that the employer had a good faith belief that the underpayment of wages was in compliance with law, the full amount of such wages or compensation, with costs and such reasonable attorney's fees as may be allowed by the court.

Conn. Gen. Stat. § 31-72. Under this statutory scheme Plaintiff has to show that the parties fit under the definition of employer and employee and Plaintiff was owed wages.

3

The CMWA defines employer broadly as, "any individual, partnership, association." Conn. Gen. Stat. § 31-71a(1).  Connecticut courts have similarly broadly construed the definition of employer and given it a liberal construction in favor of those whom the legislature intended to benefit. *Velasquez v. U.S. 1 Farm Mkt., Inc.*, No. 3:13-CV-00634-GWC, 2016 WL 2588160, at *11 (D. Conn. May 3, 2016) (internal citations omitted).  Employee is also defined broadly as "any person suffered or permitted to work by an employer." Conn. Gen. Stat. § 31-71a(2).

Recent cases in which Courts granted PJR applications for overtime claims are particularly instructive as to what evidence is sufficient to meet the probable cause standard.  In *Edelstein v. Lucas Brand Equity, LLC*, Docket No. 16 CV 1353 (WWE), 2017 U.S. Dist. LEXIS 84737, (D. Conn. June 2, 2017), the Court granted the Plaintiff's application for prejudgment remedy for his claim that defendants failed to pay his wages under the CMWA after Plaintiff provided testimony and evidence that Defendant "hired plaintiff, set his compensation, explained to plaintiff why he was not receiving his full pay, and, according to plaintiff, promised to make him whole ... establish[ing] that there is probable cause that [Defendant] Lucas had ultimate authority over plaintiff, and acted on behalf of, or in the interest of, plaintiff's employer." *Id*. at *12.  In *Martinez v. Young & Son Remodeling, LLC*, Docket No. 3:12CV1090 (WWE), 2013 U.S. Dist. LEXIS 47427 (D. Conn. Apr. 2, 2013), the court relied entirely on affidavits Plaintiff to find sufficient probable cause that Defendants violated CMWA and FLSA and granted Plaintiff's PJR application. *Id*. at *5. Given the practical realities of an employment relationship, in an overtime claim "an employee's burden to produce 'sufficient evidence' is low and can be met by that

4

employee's 'recollection alone.'"   *Arasimowicz v. All Panel Sys., LLC*, 948 F. Supp. 2d 211, 224 (D. Conn. 2013).

Defendants' Answer asserts defenses for which they will hold the burden to establish.  While Defendants have neither referenced a specific exemption in their Answer or sufficiently pled such a defense, their Answer asserts that Plaintiff exercised autonomy and discretion sufficient to warrant an exemption to FLSA and/or CMWA. *See* Def. Answer ¶ 14.   Whether it pertains to Plaintiff's CMWA or FLSA claim, courts have consistently held that the employer holds the burden to establish that an exemption applies for the employee.  *See Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974) ("the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof."); *Butler ex rel. Skidmore v. Hartford Technical Institute, Inc*., 243 Conn. 454, 466 (1997) (internal citations removed) ("In order to be qualified for exclusion, an employee must meet all of the requirements of the exemption. The burden rests on the employer to establish that the employee comes within the statutory exemption.").

Similarly, Defendants hold the burden to establish their fourth affirmative defense, which asserts that any acts or omissions were done in good faith.  See *Reich v. Southern New Eng. Telecommunications Corp.,* 121 F.3d 58, 71 (2d Cir. 1997) (internal citations removed) ("the employer bears the burden of establishing, by plain and substantial evidence, subjective good faith and objective reasonableness ... The burden, under 29 U.S.C. § 260, is a difficult one to meet.");  29 U.S.C. § 260 ("if the employer shows to the satisfaction of the court that the act or omission giving rise to such act was in good faith

5

and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA].").

IV.        **Plaintiff's Witness and Exhibit List**

a.  <u>Witnesses</u>

Plaintiff Graichen intends to call the following witnesses at the PJR Hearing scheduled for February 20, 2024:

1.  Christine Graichen
2.  Defendant Marc Levin


b.  <u>Exhibits</u>

Plaintiff Graichen intends to introduce the following exhibits at the PJR Hearing scheduled for February 20, 2024:

1.      GRAICHEN PJR 000001-000006 Employment Application
2.      GRAICHEN PJR 000003 Resignation Letter
3.      GRAICHEN PJR 000004-000006 Review Meeting
4.      GRAICHEN PJR 000007-000011 Form W-4
5.      GRAICHEN PJR 000012 Goals for 2006
6.      GRAICHEN PJR 000013 Comments by M. Levin
7.      GRAICHEN PJR 000014-000018 Evaluation 2007
8.      GRAICHEN PJR 000019-000027 Evaluation 2008
9.      GRAICHEN PJR 000028-000032 Evaluation 2009
10.     GRAICHEN PJR 000033-000077 Payroll Detaiils
11.     GRAICHEN PJR 000078 Termination Email
12.     GRAICHEN PJR 000079-000110 Handbook
13.     GRAICHEN PJR 000111-000114 PTO Handwritten Notes
14.     GRAICHEN PJR 000115-000149 Liberty Statements 2020
15.     GRAICHEN PJR 000150-000179 Liberty Statements 2021
16      GRAICHEN PJR 000180-000232 Liberty Statements 2022
17.     GRAICHEN PJR 000233-000247 Liberty Statements 2023
18.     GRAICHEN PJR 000248-000309 Merrill Lynch Statements 2020
19.     GRAICHEN PJR 000310-000365 Merrill Lynch Statements 2021
20.     GRAICHEN PJR 000366-000427 Merrill Lynch Statements 2022
21.     GRAICHEN PJR 000428-000447 Merrill Lynch Statements 2023
22.     GRAICHEN PJR 000448-000451 Paychecks

PLAINTIFF,
CHRISTINE GRAICHEN

By: _____ */s/  Claire M. Howard* _____
Claire M. Howard (ct29654)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, CT  06103
Phone: (860) 246-2466   Fax: (860) 246-1794
Attorneys for the Plaintiff
choward@mppjustice.com

## **CERTIFICATION OF SERVICE**

I hereby certify that on this 13th day of February, 2024, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].   Parties may access this filing through the Court's system.

*/s/_____ Claire M. Howard* _____
Claire M. Howard