UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| CHRISTINE GRAICHEN | : | No. 3:23-cv-00824 (MPS) |
|---|---|---|
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| CONNECTICUT NOVELTY COMPANY | : | |
| d/b/a MALLOVES JEWELERS AND | : | |
| MARC LEVIN | : | |
| Defendants. | : | FEBRUARY 13, 2024 |

## DEFENDANTS' PREHEARING BRIEF

Pursuant to the January 2, 2024, Court Order (Entry No. 27) Defendants' Connecticut Novelty Company d/b/a Malloves Jewelers and Marc Levin (collectively "Defendants") submit the following prehearing brief identifying the legal and factual issues in which rulings are needed, and Defendants' proposed exhibit and witness list.[1] As set forth below and as will be established at the hearing, Plaintiff Christine Graichen ("Plaintiff") cannot demonstrate probable cause that she will be successful in her wage claims against Defendants. At all relevant times, Plaintiff performed exempt work within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat § 31-58 *et. seq*.

**1.0 Background**

Plaintiff commenced this action alleging Defendants failed to pay her overtime pursuant to the FLSA, and the CMWA. The FLSA and CMWA require employers to pay

---

[1] Defendants did not include potential rebuttal exhibits or rebuttal witnesses which Defendants reserve the right to call and utilize. Defendants further reserve the right to respond to any issue raised by Plaintiff.

overtime to covered employees who work more than forty hours in a work week. However, an employee cannot succeed on such a claim if the employee is an "exempt employee".

At the prejudgment remedy hearing, this Court will need to determine whether Plaintiff is a covered employee under the FLSA and the CMWA, and whether she is an exempt employee under the law. If the Court determines Plaintiff is not an exempt employee, (which she is), it will have to further determine any damages, whether any of Plaintiff's claims are barred by the applicable statute of limitations, and whether Plaintiff is further barred from her claims as a result of Defendants' Affirmative Defenses..

## 2.0 Legal Discussion

### 2.1 Standards and Burden of Proof in a Prejudgment Remedy Application.

As a threshold matter, Plaintiff's application for prejudgment remedy failed to include an affidavit setting forth facts sufficient to show that there is probable cause to obtain a prejudgment remedy as required by Conn. Gen. Stat. § 52-278c. As a result of such failure, this Court lacks jurisdiction to grant Plaintiff's application, and should accordingly deny the application on its face. *See, e.g.*, *Lauf v. James*, 33 Conn. App. 223, 228, 635 A.2d 300, 303 (1993). Moreover, this failure is fatal to Plaintiff's application and cannot be cured by any testimony presented at the hearing. Based on this alone, the Court should deny the application and not proceed with any hearing.s

In order to obtain a prejudgment remedy available, Plaintiff must prove that "there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, ***taking into account any defenses, counterclaims, or setoffs***, will be rendered in favor of [Plaintiff]". (Emphasis added.) Conn. Gen. Stat. § 52-278d. While probable cause is lower than other standards in our

judicial system, it is not automatically met. "Probable cause" is defined as "a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man on ordinary caution, prudence and judgment, under the circumstances, in entertaining it." *TES Franchising, LLC v. Feldman,* 286 Conn. 132, 137 (2008.)

In determining probable cause, the court must evaluate not only the plaintiff's claims, but also any defenses raised by the defendant. *Haxhi v. Moss,* 25 Conn. App. 16, 18, 591 A.2d 1275 91991). This is because "a good defense… will be enough to show that there is no probable cause that judgment will be rendered in the matter in favor of the plaintiff." *Augeri v. C.F. Wooding Co*. 173 Conn. 426, 429 (1977).

**2.2 Plaintiff's Claims**

Plaintiff claims Defendants violated the FLSA, and the CMWA by failing to properly compensate her for hours she allegedly worked outside of a forty-hour work week, despite that she was a salaried employee.

**2.2.1 The FLSA**

The FLSA allows a plaintiff to make an overtime claim against an employer who is "engaged in interstate commerce." *Morales v. Gourmet Heaven, Inc.*, No. 3:14-CV-01333 (VLB), 2016 WL 6996976, at *6 (D. Conn. Nov. 29, 2016). To successfully make an overtime claim under the Fair Labor Standards Act (FLSA), Plaintiff must first prove that she performed work for which she was not adequately compensated. 29 U.S.C.A. § 207. This includes establishing that the employer had actual or constructive knowledge of the work. *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011).

In an action to recover unpaid overtime wages under the FLSA, a plaintiff must show that: "(1) [s]he was an employee who was eligible for overtime ( [*i.e.,*] not exempt

from the Act's overtime pay requirements); and (2) that [s]he actually worked overtime hours for which he was not compensated." *Hosking v. New World Mortg., Inc.,* 602 F.Supp.2d 441, 447 (E.D.N.Y.2009). Plaintiff must also show that " [s]he has in fact performed work for which she was improperly compensated" and must "produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Not all workers are covered by the overtime provisions of the FLSA. For example, "any employee employed in a bona fide executive, administrative, or professional capacity" is exempt from the overtime pay requirements. 29 U.S.C. § 213(a)(1).

### 2.2.2 The CMWA

The CMWA provides overtime protections similar to the FLSA, except that it does not require the employer or enterprise to be engaged in interstate commerce. *Morales v. Gourmet Heaven, Inc.*, No. 3:14-CV-01333 (VLB), 2016 WL 6996976, at *6 (D. Conn. Nov. 29, 2016). To succeed in an overtime claim under the CWMA, Plaintiff will have to prove elements similar to what she is required to prove under the FLSA, in that, she performed work for which she was not properly compensated and that her employer had actual or constructive knowledge of the work being performed. C.G.S. § 31-76; *Kgarebe v. Care One Health Servs. LLC*, No. DBD CV-19-6033296-S, 2023 WL 1813657, at *8 (Conn. Super. Ct. Jan. 30, 2023). Similar to the FLSA, employees who are employed in a bona fide administrative or managerial capacity are exempt from the overtime requirement. Conn. Gen. Stat. § 31-76i.

### 2.3 Exemptions

As noted above, a plaintiff's claim against an employer for failure to pay overtime will fail under both the CMWA and FLSA if she is classified as an exempt employee. Here, Plaintiff's claim fails she since was an exempt employee pursuant to. If the court finds the exemption defense is "a good defense", no probable cause will exist that judgement will be rendered in favor of the plaintiff. *See, e.g.*, *Mertes v. Milardo Photography, Inc.,* No. PJRCV030101233S, 2003 WL 22205981, at *2 (Conn. Super. Ct. Sept. 10, 2003) (Denying employee Plaintiff's application for judgment remedy on the basis that there is a good defense she is exempt under the administrative exemption, the managerial exemption, and the professional exemption.)

*Mertes* is especially instructive as it found these exemptions applied in similar circumstances. In that case, the court denied the application for a prejudgment remedy where the employer raised defenses that the employee was exempt because her job duties fell under the administrative, managerial, and professional exemptions. Specifically, the Mertes court highlighted that the employee was managing her own projects, was involved in hiring employees, and promoted sales—all of which applies to Plaintiff here. *Id.* at *3. Each of these duties involved the "exercise of discretion and judgment" characterized under the administrative and managerial exemptions. In this case, Plaintiff is an exempt employee under either the administrative or managerial exemption.

### 2.3.1 Administrative Exemption

The overtime pay provisions of the FLSA do not apply to any person employed in a bona fide administrative capacity as defined by the State of Connecticut, Department of Labor regulations. C.G.S. § 31-76i(e). The administrative exemption is met when an

employee who is compensated on a salary or fee basis primary duties consist of the performance of office or nonmanual work directly related to management policies or general business operations of her employer, which includes work requiring the exercise of discretion and independent judgment. *See* Conn. Agencies Regs. § 31-60-15(a).

Similarly, Section 13(a)(1) of the FLSA exempts administrative employees from its overtime requirements, provided they meet certain tests regarding job duties and responsibilities and are compensated "on a salary basis" at not less than the stated amounts. *See* 29 U.S.C. 213(a)(1). The U.S. Department of Labor regulations similarly provide that an employee who is compensated on a salary basis whose primary duty consists of the performance of office or nonmanual work directly related to management policies or general business operations, which includes work requiring the exercise of discretion and independent judgment, is deemed an employee in a bona fide administrative capacity. *See* 29 C.F.R. § 541.2(e)(2).

Courts considering numerous factors to determine whether an employee's work satisfies these standards. The exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered. However, there is no requirement that all or even most of the individual's work involve discretion and independent judgment; the employee's work need only include use of discretion or independent judgment. See *Shillinglaw v. Sys. Works, Inc.*, No. 1:93-CV-66-RHH, 1993 WL 603289 at *4-5 (N.D.Ga. Nov. 8, 1993); *Dymond v. United States Postal Serv.*, 670 F.2d 93, 95 (8th Cir.1982).

Moreover, the law does not require that a sufficient exercise of independent judgment "have a finality that goes with unlimited authority and a complete absence of review." 29 C.F.R. § 541.207(e)(1). "Courts have said that it is simply not necessary that the decision made by the employee be the one that carries the day." *Mertes v. Milardo Photography, Inc.*, No. PJRCV030101233S, 2003 WL 22205981, at *3 (Conn. Super. Ct. Sept. 10, 2003), citing to *e.g. Dambreville v. City of Boston,* 945 F.Supp. 384, 394 (D.Mass.1996).

The Department of Labor Field Operations Handbook outlines numerous factors courts consider to determine whether an employee exercises discretion and independent judgment on matters of significance including, but not limited to, whether the employee carries out major assignments in conducting the operations of the business, performs work that affects business operations to a substantial degree, even if only in a particular segment of the business, is involved in planning long or short term business objectives, or gives consultation or expert advice to management. *See* Field Operations Handbook, Chapter 22 at p. 18-19 available at: https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/FOH_Ch22.pdf. "Generally, employees who meet two or three of these factors are exercising discretion and independent judgment." *Id.* at p. 19.

Other factors courts consider include whether the employee has personnel responsibilities, troubleshoots or problem-solves on management's behalf, is responsible for advertising or promotion work or coordinates activities for or on behalf of the employer or customers. *Id.*

7

These are all precisely the types of duties Plaintiff regularly admits were part of her job responsibilities. *See* Complaint at ¶ 13 (Plaintiff coordinated "all marketing efforts. . . . the store's website, designing billboards, television commercials and other advertising . . . Plaintiff was also responsible for tracking monthly Excel sheets for entering credit card totals and sales numbers, meeting monthly with the store's personal accountant to balance the books, comparing the details in the paper ledger with the Excel numbers and the point of sale programs. Plaintiff handled Human Resources, including commission reports, sales contests sales promotions, new employee interviewing and training, creating training and job manuals. She was also responsible for assisting with jewelry appraisals, customer complaints and special orders, jewelry buying and inventory, merchandising cases and creating and setting up window displays, dealing with computer issues, locating and ordering any items needed by store staff to do their jobs, shipping and receiving).

As will be demonstrated at the prejudgment remedy hearing, Plaintiff meets all of these factors thereby satisfying her status as an exempt employee.

**2.3.2 Managerial Exemption**

The CMWA and FLSA also exempt employees classified as "managerial employees" from its overtime requirements. Under the CMWA, the managerial exemption is met when a salaried employee's primary duties consists of the management of the enterprise in which she is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein. *See* Conn. Agency Regs. § 31-60-14(a).

The parallel provision of the FLSA, Section 13(a)(1), exempts managerial employees from the overtime requirements of the FLSA, provided they meet certain

tests regarding job duties and responsibilities. See 29 U.S.C. 213(a)(1). The U.S. Department of Labor regulations provide that an employee will fall under this exemption when she is salaried and her primary duties consist of the management of the enterprise in which she is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more employees. *See* 29 C.F.R. § 541.1(f).

Job duties such as entering into contracts with businesses, setting up pricing and advertising for a business, and dealing with employee, customer and vendor issues qualify as managerial duties. *See, e.g.*, *Mertes v. Milardo Photography, Inc.,* No. PJRCV030101233S, 2003 WL 22205981, at *4 (Conn. Super. Ct. Sept. 10, 2003). These duties can include "issu[ing] gift certificates, enter[ing] into contract" and "direct[ing] work of employees." *Id.* Plaintiff engaged in each of these activities. Accordingly, even if this Court determines the administrative exemption does not apply, which it does, the managerial exemption also applies.

### 2.4 Additional Defenses and Damages

If this Court does not find that Plaintiff falls under one of the aforementioned exemptions, it must consider the additional affirmative defenses raised by Defendants including the doctrine of unclean hands, set and Defendants' good faith actions.[2]

#### 2.4.1 The Doctrine of Unclean Hands

There is no question Plaintiff stole well in excess of one hundred thousand dollars from Malloves. This serves to bar Plaintiff's claims. "[C]ourts have discretion to deny equitable relief to a party who has not acted fairly and without fraud or deceit as to the

---

[2] Defendants reserve the right to plead additional affirmative defenses.

controversy at issue." *Armenian Genocide Museum and Memorial, Inc. v. Cafesjian Family Found., Inc.*, 691 F.Supp.2d 132, 159 (D.D.C.2010). Thus, the equitable doctrine of unclean hands can apply "where there is misconduct by the plaintiff in the same transaction that is the subject of her claim." *Saint-Jean v. D.C.,* 846 F. Supp. 2d 247, 258 (D.D.C. 2012). Behavior that is fraudulent is conduct constituting unclean hands. *Cochran v. Burdick*, 89 F.2d 831, 834 (D.C.Cir.1937).

### 2.4.2 Damages

As a threshold matter, although Plaintiff asserts claims under both the FLSA and the CMWA, Plaintiff "cannot recover under both statutes." *Fuk Lin Pau v. Jian Le Chen*, No. 3:14-cv-841 (JBA), 2015 WL 6386508, at *8 (D. Conn. Oct. 21, 2015). Instead, courts typically "award damages pursuant to the statute that provides the greater amount of damages." *Id*. The default method for calculating overtime under the FLSA is the time-and-a-half method, which requires that non-exempt employees be paid at a rate of one and a half times their regular rate for each hour worked in excess of 40 hours in a workweek. *See* 29 U.S.C. § 207(a)(1)) and Conn. Gen. Stat. § 31-76c.

The determination of whether an employee was properly compensated required calculation of her "regular rate" of pay. *See* 29 U.S.C. § 207(a)(1); Conn. Gen. Stat. § 31-76c; *Kinkead v. Humana at Home, Inc.*, 450 F. Supp. 3d 162, 178 (D. Conn. 2020) ("In order to calculate any overtime wages owed, [the Court] must first determine the 'regular rate' received by plaintiffs."). "Where an employee earns a fixed salary, 'the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate.'" *Ge Chun Wen v. Hair Party 24*

*Hours Inc.*, No. 15-cv-10186 (ER) (DF), 2021 WL 3375615, at *10 (S.D.N.Y. May 17, 2021) *quoting* 29 C.F.R. § 778.113(a)).

### 2.4.3 Defendants' Good Faith Belief

In her complaint and prejudgment remedy application, Plaintiff seeks liquidated and penalty damages. Both the FLSA and the CMWA permit a plaintiff to recover liquidated damages in an amount equal to her unpaid wages. *See* 29 U.S.C. § 216(b); Conn. Gen. Stat. § 31-68(a); Conn. Gen. Stat. § 31-72. Such damages are only available under certain circumstances.

Under the FLSA, an employee can unpaid overtime wages, but also "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b.) Courts have discretion to decline to issue liquidated damages when "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not in violation of [the FLSA]. *Modise v. CareOne Health Servs., LLC*, 638 F. Supp. 3d 159, 184–85 (D. Conn. 2022); *see also Morrison v. Ocean State Jobbers, Inc.,* 180 F. Supp. 3d 190, 196 (D. Conn. 2016). An employer can also use a good faith defense when they show that they acted in conformity with and reliance on any written administrative regulation, order, ruling, approval, or interpretation, or any administrative practice or enforcement policy of the agency of the United States specified in the law.

Damages are similarly limited under the CMWA if an employer establishes it had a good faith belief that it acted in compliance with the law. *See* Conn. Gen. Stat. § 31-68; *see also Maphutha v. Diligent Enterprises, Inc.,* No. 19-CV-1411 (VLB), 2021 WL 3493646, at *1 (D. Conn. Aug. 9, 2021).

Here, Defendants will establish that Plaintiff was properly categorized as an exempt employee, and certainly, at a minimum, that Defendants acted with a good faith and in compliance with the law. Accordingly, while Defendants maintain Plaintiff was properly categorized as an exempt employee, any damages recoverable are limited.

### 2.4.4 Statute of Limitations

Any damages awarded will also be limited by the applicable statute of limitations. The FLSA contains a two-year statute of limitations. FLSA 29 U.S.C. § 255(a). This period is only extended to three years where the employer's violation of the FLSA was "willful." *Id.* The standard to prove willfulness is high. An employer willfully violates the FLSA when it "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009). "Mere negligence is insufficient." *Id.* The employee has the burden of showing willfulness. *Id.*

The CMWA similarly contains a two-year statute of limitations. This period is only extended to three years "if the plaintiff has filed a complaint for failure to pay wages with the Labor Commissioner." C.G.S. § 52-596. Plaintiff never did.

Accordingly, Plaintiff, while exempt from overtime, nonetheless seeks wages far in excess permitted by the applicable statute of limitations, and any damages should be limited accordingly.

## 3.0 Defendants' Witnesses[3]

1. Marc Levin, Defendant and owner of The Connecticut Novelty Company d/b/a Malloves Jewelers

---

[3] Again, Defendants do not include potential rebuttal exhibits or rebuttal witnesses which Defendants reserve the right to call and utilize.

2. Christine Graichen, Plaintiff

3. Frank Kaschak

4. Kathleen Kinney

**4.0 Defendants' Exhibits**

1. Payroll records

2. Employee Handbook

3. Records off Plaintiff's Time Off

4. Text Messages between Plaintiff and Marc Levin

5. Quickbooks Vendor Report

6. 2023 Summary of Chase Payments

7. 2018 Liberty Bank Statements

8. 2019 Liberty Bank Statements

9. 2020 Liberty Bank Statements

10. 2021 Liberty Bank Statements

11. 2022 Liberty Bank Statements

12. 2023 Liberty Bank Statements

13. 2019 Merril Lynch Statements

14. 2020 Merril Lynch Statements

15. 2021 Merril Lynch Statements

16. 2022 Merril Lynch Statements

17. 2023 Merril Lynch Statements

18. Summary of Merril Lynch Charges

19. Wedding Invoices

Dated: February 13, 2024

By: /s/ Jonathan M. Shapiro
Jonathan M. Shapiro (ct24075)
Aeton Law Partners LLP
311 Centerpoint Drive
Middletown, Connecticut 06457
Telephone: (860) 724-2160
Facsimile: (860) 724-2161
Email: jms@aetonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

This 13th day of February, 2024.

/s/ Jonathan M. Shapiro ct24075
Jonathan M. Shapiro