UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTINE GRAICHEN | : | No. 3:23-cv-00824 (MPS) |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| CONNECTICUT NOVELTY COMPANY | : | |
| d/b/a MALLOVES JEWELERS AND | : | |
| MARC LEVIN | : | |
| Defendants. | : | FEBRUARY 15, 2024 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER**

Defendant Connecticut Novelty Company d/b/a Malloves Jewelers ("Defendant") respectfully submits this Memorandum of Law in support of its Motion to Quash and Motion for Protective Order relating to Plaintiff's subpoena duces tecum dated February 2, 2024 (the "Subpoena") seeking the production of certain documents that were virtually identical to discovery requests previously served on Defendant and to which Defendant responded and objected.[1] As set forth more fully below, the Subpoena's only purpose is to annoy, harass, unduly burden and cause unnecessary expense to Defendant in having to respond to it given that it was issued in an effort to circumvent the rules of discovery.

**1.0    Background**

On January 3, 2024, Plaintiff served Defendant and co-Defendant Marc Levin (collectively with Defendant, "Defendants") with Interrogatories and Requests for Production (the "Discovery Requests") pursuant to Federal Rules of Civil Procedure 26, 33 and 34. A copy of the Discovery Requests is attached as Exhibit A. On February 2, 2024,

---

[1] Defendant is issuing objections to Plaintiff's specific document requests contained in the Subpoena as were served previously which Defendant will only bring to the Court in the event the parties are unable to resolve the objections following a proper meet and confer.

Defendants served objections and responses to the Discovery Requests, including the production of more than 600 pages of documents. These 600 pages of documents were in addition to the 100 pages already provided by Defendants pursuant to the Initial Discovery Protocols.

After Defendants provided Plaintiff with their responses to the Discovery Requests, Plaintiff did not contact Defendants' counsel to discuss any issues relating to Defendants' responses. Instead, Plaintiff served the Subpoena on February 5, 2024 (which Defendants' counsel agreed to accept on behalf of Defendant as a courtesy) on Defendants containing virtually the identical nineteen (19) document requests contained in the Discovery Requests. A copy of the Subpoena is attached as Exhibit B. The Subpoena sought the production of documents on February 16, 2024—a mere eleven days after service. It is clear Plaintiff issued the Subpoena in a blatant attempt to circumvent the Federal Rules of Civil Procedure, and unduly burden and harass Defendant by having Defendant undertake this unnecessary motion practice. Accordingly, as set forth more fully below, the Court should quash the Subpoena.

**2.0    Legal Standard**

A court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "The scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26." *East Point Sys., Inc. v. Maxim*, No. 3:13-cv-00215 (VAB), 2015 WL 1971453, at *2 (D. Conn. Apr. 30, 2015). Under Rule 26(b)(1), relevant information is discoverable so long as it is proportional, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also Arch Ins. Co. v. Centerplan Constr. Co., LLC*, No. 3:16-CV-01891-VLB, 2017 WL 4998645, at *2 (D. Conn. Nov. 2, 2017).

Federal Rule 26(c) further allows a court to issue a protective order to "relieve a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553, 555 (D. Conn. 2006) (citing Federal Rule 26(c)). This provision also "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Id.* (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)); *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992).

In addition, the Federal Rules clearly contemplate that the proper mechanism for compelling discovery over a party's objections is to move for an order compelling such discovery, but that any such motion "must a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(1).

### 3.0 The Court Should Quash the Subpoena

This Court should Quash the Subpoena and enter a protective order on numerous grounds. First and foremost, the Subpoena contains virtually the identical document requests contained in the Subpoena to which Defendant already responded. However, rather than comply with her obligations to meet and confer with Defendant's counsel as required by this Court's rules, Plaintiff served the Subpoena.

As a result, Plaintiff's use of the Subpoena is a clear attempt to circumvent the discovery rules. *See, e.g.*, *Upstate Shredding, LLC v. Northeastern Ferrous, Inc.*, No. 3:12-CV-

1015 (BKS/DEP), 2015 WL 12748319, at * 4 (N.D.N.Y Feb. 13, 2015) (citing Moore's Fed. Practice § 45.02[4][a] (3d ed. 2013); *Mortgage Information Services, Inc. v. Kitchens*, 210 F.R.D. 562, 566 (W.D.N.C. 2002) ("[a]lthough Rule 45 is not limited by its terms to nonparties, it should not be used to obtain pretrial production of documents or things…from a party in circumvention of discovery rules or orders") (citing Moore's Federal Practice § 34.03(2)(a)).

Not only that, given Plaintiff's decision to serve the Subpoena in an attempt to circumvent the rules of discovery and its issuance of identical requests to which Defendant already responded, Plaintiff's only purpose is to annoy, harass, unduly burden and cause unnecessary expense to Defendant in having to respond to the Subpoena. Finally, even if the document requests contained in the Subpoena were not objectionable, they seek compliance from Defendant on a mere eleven-days notice.

### 4.0    Conclusion

For all of the foregoing reasons, the Subpoena is inappropriate, harassing, and serves only to unduly burden Defendant. Accordingly, Defendants respectfully request the Court to quash this subpoena and issue an appropriate protective order relieving them from complying with the Subpoena.

Dated:  February 15, 2024

By: /s/ Jonathan M. Shapiro
Jonathan M. Shapiro (ct24075)
Aeton Law Partners LLP
311 Centerpoint Drive
Middletown, Connecticut 06457
Telephone:  (860) 724-2160
Facsimile:  (860) 724-2161
Email: jms@aetonlaw.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on this day, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

     This 15th day of February, 2024.

                                        /s/ Jonathan M. Shapiro ct24075
                                        Jonathan M. Shapiro