UNITED STATES DISTRICT COURT
DISTRICT COURT OF CONNECTICUT

---

| | |
|---|---|
| **CHRISTINE GRAICHEN,** | : CIVIL ACTION NO. |
| | : 3:23-cv-00824-MPS |
| Plaintiff, | : |
| | : |
| -against- | : |
| | : |
| **CONNECTICUT NOVELTY COMPANY d/b/a** | : |
| **MALLOVES JEWELERS, and MARC LEVIN,** | : |
| Defendants | : FEBRUARY 19, 2024 |

---

### PLAINTIFF'S MOTION TO PRECLUDE EVIDENCE
### AT PREJUDGMENT REMEDY HEARING
### AND MEMORANDUM IN SUPPORT

Pursuant to the Federal Rules of Evidence 401 and 403, Plaintiff, Christine Graichen, moves the Court to preclude Defendants, Connecticut Novelty Company d/b/a Malloves Jewelers and Marc Levin, from introducing evidence or argument regarding Defendants' unadjudicated allegations that Plaintiff stole or diverted funds for her personal use and damaged Defendants' computer to hide this theft.  Specifically, Plaintiff seeks to have Defendants precluded from introducing their proposed Exhibits 5-19 as listed in their Prehearing Brief as well as argument regarding these allegations. These exhibits and allegations are not relevant to the issues before the court for the prejudgment remedy hearing – whether Plaintiff worked overtime and was not paid for those hours of overtime worked and if the administrative or managerial exemption applies to Plaintiff. Defendants' allegations and proposed Exhibits 5-19 are extraneous and have no probative value, and will serve only to distract and confuse – rather than

assist – the Court to consider the relevant evidence and resolve the issues for the prejudgment remedy hearing. [1]

This evidence should be excluded from the prejudgment remedy hearing for two reasons. First, this information is not relevant to any of the issues or defenses before the Court in the prejudgment remedy hearing on Plaintiff's Fair Labor Standards Act ("FLSA") and Connecticut Minimum Wage Act ("CMWA") claims. These allegations are not relevant to any of the defenses asserted by Defendant. Allegations of diverting funds are not relevant to whether an administrative or managerial exemption applies. The unclean hands defense, asserted by Defendant, is not available for statutory overtime claims, and therefore any assertion of this defense is irrelevant to the prejudgment remedy hearing. The unclean hands defense is only available for equitable claims while the prejudgment remedy hearing is on Plaintiff's statutory FLSA and CMWA claims.

Second, Defendant is pursuing identical claims in a civil suit against Plaintiff as well as a criminal complaint filed with the Middletown Police Department. [2] Plaintiff has a

---

[1] Plaintiff is withdrawing similar exhibits, Nos. 14-21, from its proposed exhibits for Tuesday's hearing.

[2] Defendant Connecticut Novelty Company d/b/a Malloves Jewelers ("Defendant Malloves") has brought Breach of Fiduciary Duty (Count One), Statutory Theft (Count Two), Conversion (Count Three), Unjust Enrichment (Count Four), Violation of the Connecticut Unfair Trade Practices Act (Count Five), and Declaratory Judgment (Count Six) claims against Plaintiff in Superior in *Connecticut Novelty Company d/b/a Malloves Jewelers v. Graichen*, Docket No. MMX-CV23-5016264-S. As part of pursuing these claims Defendant Malloves has also filed an Application for Prejudgment Remedy against Plaintiff. The gravamen of Defendant Malloves' claims in its civil action is that Plaintiff stole and misappropriated Defendant Malloves' credit cards and bank account and subsequently attempted to cover up this act by deleting company information on Defendant Malloves' computer.

Recently Defendant Malloves filed a criminal complaint against Plaintiff, which has resulted in Plaintiff being charged with Larceny in the First Degree, Criminal Mischief in the Third Degree, Receipt from Illegal Use of Credit Card, Illegal Use of Payment Card, and Computer Crime in the Fifth Degree. *See* Docket No. M09M-CR24-0247169-S.

Fifth Amendment privilege against self-incrimination – clearly Defendants' inclusion of these allegations under the guise of a "defense" is an attempt to force Plaintiff to incriminate herself in a prejudgment remedy hearing on matters wholly unrelated to Plaintiff's allegations.  Any discussion of these allegations by Defendants in a prejudgment remedy hearing will severely prejudice the Plaintiff and be a waste of this Court's time and resources.

> I. **This Evidence Is Entirely Irrelevant, Confusing and Prejudicial**

Fed. R. Evid. 401 provides that evidence is relevant if it has the tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence.

Defendants' claims in Superior Court and a criminal complaint that Plaintiff misappropriated Defendants' funds and damaged Defendants' computer are utterly unrelated to the issues to be determined at the prejudgment remedy hearing on Plaintiff's overtime claims.  Whether or not Plaintiff misappropriated funds does not make it more or less probable that Defendant failed to pay Plaintiff for overtime hours worked.  Similarly, whether or not Plaintiff misappropriated funds does not make it more or less probable that Plaintiff directed the work of two or more employees or that Plaintiff exercised discretion in undertaking her job duties.  Any evidence or argument regarding the allegations that Plaintiff misappropriated Defendant's funds will bring the hearing down a wormhole of facts wholly unrelated to the issues in this case, which will severely prejudice Plaintiff.

It is undisputed that Plaintiff has brought an application for prejudgement remedy under her claim that Defendants violated the Fair Labor Standards Act 29 U.S.C. Sect.

201 et seq. for failure to pay wages (Count One) and violated the Connecticut Minimum Wage Act Conn. Gen. Stat. Sect. 31-58 et seq. (Count Two). Defendants' prejudgment remedy hearing brief makes clear that Defendants intend to assert the doctrine of unclean hands defense in the hearing. *See* Def. Brief at 9-10. This defense is unavailable to Defendant in overtime claims, and as such any evidence introduced under this defense is irrelevant.

Court decisions have made clear that the unclean hands doctrine is exclusively available for legal claims seeking equitable relief, not statutory relief in FLSA and CMWA claims. As explained by the Court in *Balderramo v. Go New York Tours Inc.*, Docket No. 15-cv-2326, 2023 U.S. Dist. LEXIS 57080 (S.D.N.Y. Mar. 31, 2023):

> The doctrine of unclean hands holds that the equitable powers of the court can never be exerted on behalf of one who has acted fraudulently, or who by deceit or any unfair means has gained an advantage. *It is an equitable defense and as such, it can only be asserted with respect to equitable—not legal—claims*. In the instant case, all claims asserted by Plaintiffs are legal claims, for which they seek damages pursuant to the FLSA and the NYLL.

*Id*. at *52 (internal citations removed) (emphasis added). *See also Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 464 (S.D.N.Y. 2008) ("Again, the Court need not invoke its equitable powers to adjudicate Plaintiffs' statutory claim."). *See generally Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 125 (2d Cir. 2009).

Even if this evidence is deemed relevant, it still should be excluded because its probative value, if any, is outweighed by the risk of undue prejudice to Plaintiff from the introduction of evidence regarding Defendants' unadjudicated claims that Plaintiff misappropriate funds and deleted documents from Defendants' computer. *See* Fed. R. Evid. 403. These unadjudicated claims are entirely irrelevant to the issues at the prejudgment remedy hearing - Plaintiff's overtime claims and whether Plaintiff is subject

to the managerial and administrative exemptions. The unclean hands doctrine is entirely unavailable to Defendants in these statutory claims and therefore is also irrelevant to the issues before the Court for the hearing.

Wherefore, for all the foregoing reasons, Plaintiff respectfully requests that this motion to preclude be granted and the Court preclude Defendants' Exhibits 5-19, as well as any comment, argument and statements regarding Defendants' unadjudicated allegations that Plaintiff stole or diverted funds for her personal use and damaged Defendants' computer to hide this theft.

PLAINTIFF, CHRISTINE GRAICHEN

By: */s/ Claire M. Howard*
    Claire M. Howard, Esq.(ct29654)
    Madsen, Prestley & Parenteau, LLC
    402 Asylum Street
    Hartford, CT 06103
    choward@mppjustice.com
    Tel. (860) 246-2466
    Fax: (860) 246-1794
    Attorneys for the Plaintiff

**CERTIFICATION OF SERVICE**

I hereby certify that on February 19, 2024, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    */s/ Claire M. Howard*
    Claire M. Howard