UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTINE GRAICHEN | : | No. 3:23-cv-00824 (MPS) |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| CONNECTICUT NOVELTY COMPANY | : | |
| d/b/a MALLOVES JEWELERS AND | : | |
| MARC LEVIN | : | |
| Defendants. | : | FEBRUARY 20, 2024 |

**DEFENDANTS' OBJECTION TO MOTION TO PRECLUDE**

Defendants Connecticut Novelty Company d/b/a Malloves Jewelers and Marc Levin (collectively "Defendants") hereby file this brief objection to Plaintiff's motion to preclude evidence filed on the eve of the prejudgment remedy hearing. As will be more fully explained at the hearing[1], Exhibits 5 – 19 and related issues are entirely relevant to the issues before this Court on Plaintiff's application for prejudgment remedy. Indeed, Plaintiff herself initially included the exhibits at issue in her pretrial brief filed on February 13, 2024.

Plaintiff's motion makes selective arguments about Defendants' affirmative defenses in claiming the evidence is irrelevant to these proceedings. In particular, Plaintiff argues the doctrine of unclean hands is unavailable as a defense to Plaintiff's wage claims. While Plaintiff failed to move to dismiss this affirmative defense (or any other), Plaintiff ignores Defendants' remaining affirmative defenses including Defendants' defense seeking a set-off for any amounts allegedly owed—which is expressly denied. While a separate proceeding exists directed toward Plaintiff's theft of almost $200,000 from Connecticut Novelty Company d/b/a Malloves Jewelers ("Malloves"), there is nothing that precludes

---

[1] Given the lateness of Plaintiff's filing, Defendants did not have time to fully brief the issues and reserves the right to do so given the importance of the issues at hand.

Defendants from raising it as an affirmative defense in this matter. Moreover, the exhibits and related issues are also relevant to the issues as to whether Plaintiff was an exempt employee under FLSA.

With respect to any prejudice, Defendants are entitled to a defense to this action. Plaintiff motion seeks to preclude Defendants from introducing relevant evidence relating to their defenses. Plaintiff cannot have it both ways. She cannot be allowed to introduce evidence relating to her claims, and then seek to prevent Defendants from cross-examining her and presenting evidence relevant to their defenses, including by her attempt to selectively hide behind her Fifth Amendment rights. The fact that Plaintiff stole almost $200,000 from Malloves is not Defendants' doing. Plaintiff is voluntarily testifying in this action. In doing so, she waives the privilege as to any matters she testifies, including cross-examination on matters reasonably related thereto.

Dated:  February 20, 2024

By: /s/ Jonathan M. Shapiro
Jonathan M. Shapiro (ct24075)
Aeton Law Partners LLP
311 Centerpoint Drive
Middletown, Connecticut 06457
Telephone:  (860) 724-2160
Facsimile:  (860) 724-2161
Email: jms@aetonlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this day, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      This 20th day of February, 2024.

                                                /s/ Jonathan M. Shapiro ct24075
                                                Jonathan M. Shapiro