UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTINE GRAICHEN | : | No. 3:23-cv-00824 (MPS) |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| CONNECTICUT NOVELTY COMPANY | : | |
| d/b/a MALLOVES JEWELERS AND | : | |
| MARC LEVIN | : | |
| Defendant. | : | MARCH 1, 2024 |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Connecticut Novelty Company d/b/a Malloves Jewelers ("Malloves") and Marc Levin ("Levin", with Malloves, "Defendants"), by and through their undersigned counsel, hereby answer and set forth their affirmative defenses to Plaintiff Christine Graichen's ("Plaintiff") Amended Complaint as follows:

### Introduction

1.  Defendants admit Plaintiff brought an action alleging certain claims under the Fair Labor Standards Act ("FLSA"), the Connecticut Minimum Wage Act ("CMWA"), the Connecticut Fair Employment Practices Act as well as common law claims. Defendants deny the substantive allegations in this action forming the basis of the alleged claims.

### Jurisdiction

2.  Defendants admit that Plaintiff asserts claims under the FLSA, and, as such, this District Court has subject matter jurisdiction. Defendants deny any liability under the FLSA. Except as so stated, the allegations in this paragraph set forth a legal conclusion to which no response is required.

3. Defendants admit that Plaintiff asserted state law claims over which this Court may exercise supplemental jurisdiction. Provided, however, Defendants deny any liability under the state law claims, and deny this District Court can exercise supplemental jurisdiction when the state law claims are dismissed. Except as so stated, the allegations in this paragraph set forth a legal conclusion to which no response is required.

4. Defendants admit Plaintiff filed a charge with the Connecticut Commission on Human Rights and Opportunities designated CHRO No. 2330610 making certain allegations against Malloves the contents of which speak for itself. Defendants deny such allegations.

5. Defendants admit Plaintiff filed a charge with the Connecticut Commission on Human Rights and Opportunities designated CHRO No. 2330611 making certain allegations against Levin the contents of which speak for itself. Defendants deny such allegations.

6. Admitted.

**Parties**

7. Plaintiff is a female residing at all relevant times in Middlefield, Connecticut. Except as so stated, Defendants deny the remaining allegations contained in Paragraph 7.

8. Admitted.

9. Denied.

10. Admitted.

11. Admitted.

12. Denied.

13. Admitted.

14.     Admitted.

**Background**

15.     Defendants admit Malloves employed Plaintiff beginning in or about 1997 on a part-time basis, and on a full-time basis in 2002. Defendants admit Plaintiff thereafter worked for Malloves until March 2023 when her employment was terminated as a result of her efforts to destroy company property in an effort to conceal her theft from Malloves. Defendants admit Plaintiff worked under the direction of Levin, though she was given considerable reign in the exercise of her responsibilities for Malloves. Defendants admit she worked as an office manager during the relevant time for the claims in this case. Except as so stated, Defendants deny the remaining allegations contained in Paragraph 15.

16.     Denied.

17.     Defendants deny her job duties and responsibilities rendered her non-exempt under the FLSA, and deny she created training manuals. Defendants admit that Plaintiff assisted in various aspects of the business including the areas identified in Paragraph 17 (except as otherwise stated). Except as so stated, Defendants deny the remaining allegations contained in Paragraph 17.

18.     Defendants admit that Plaintiff was involved in the hiring and firing of employees, signed contracts on behalf of Malloves and exercised discretion and independence with respect to matters of significance as evidenced by her theft from Malloves through, among other things, her use of Malloves' credit cards and financial resources for her own personal gain without the knowledge of Levin. Except as so stated, Defendants deny the remaining allegations contained in Paragraph 18.

19. Defendants admit Plaintiff was not paid overtime at the rate of one and one-half times her regularly hourly rate as she was an exempt employee. Defendants deny any implication Plaintiff was entitled to overtime as an exempt employee.

20. Defendants admit Plaintiff was paid on a salaried basis of $1,200 per week during the relevant time period for the claims in this case as an exempt employee. Defendants deny any implication Plaintiff was entitled to overtime as an exempt employee.

21. Denied.

22. Defendants admit Plaintiff performed work on certain occasions at home conducting minimal work. Defendants deny any implication Plaintiff worked "extra hours", or any implication she worked excessive hours. Defendants further state Plaintiff was given considerable flexibility and discretion in her work schedule.

23. Defendants admit Plaintiff assisted in conducting Facebook Live events on certain dates the dates of which are subject to verification. Except as so stated, Defendants deny the remaining allegations contained in Paragraph 23 and Defendants further deny any implication she worked "additional" hours or she was entitled to additional compensation.

24. Denied.

25. Defendants deny Plaintiff was entitled to overtime compensation under either the FLSA or the CMWA for hours worked beyond forty hours (if any) as she was an exempt employee.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Defendants admit Plaintiff hit her head on or about March 25, 2023. Defendants admit Levin was away. Except as so stated, Defendants deny the remaining allegations contained in Paragraph 39.

40. Admitted.

41. Upon information and belief, Defendants admit Plaintiff received a call from Rushford Treatment Center. Except as so stated, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42. Denied.

43. Defendants deny they shared any private health information of Plaintiff as Defendants do not possess such information. Except as so stated, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43, and, therefore, leave Plaintiff to her proof.

44. Denied.

45. Defendant admits he was concerned with Plaintiff's well-being, and wanted her to obtain assistance to ensure she was healthy. Defendants admit he called Plaintiff's therapist due to his concern for Plaintiff's well-being. Except as so stated, Defendants deny the remaining allegations contained in Paragraph 45.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46, and, therefore, leave Plaintiff to her proof.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47, and, therefore, leave Plaintiff to her proof.

48. Defendant admits he was concerned with Plaintiff's well-being. Except as so stated, Defendants deny the remaining allegations contained in Paragraph 48.

49. Defendant admits Plaintiff was contacted on or about April 5, 2023 informing her he was terminating her as a result of her efforts to delete valuable information from Malloves' main computer. Defendants admit she was offered a separation agreement the contents of which speak for itself despite her efforts at destroying company property given the long history together. However, upon further investigation and discovering she stole from Malloves, Defendant revoked the offer. To the extent the allegations differ in meaning from the referenced documents, such allegation are denied.

50. Upon termination of Plaintiff's employment and Defendants' revocation of the previous offers given Plaintiff's theft from Malloves, her health insurance with Malloves ceased. Plaintiff was eligible for COBRA which notice was provided upon information and belief. Except as so stated, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50, and, therefore, leave Plaintiff to her proof.

**COUNT ONE: VIOLATION OF THE FAIR LABOR STANDARDS ACT**

1-50. Defendants incorporate by reference and re-allege their responses to Paragraphs 1 through 50 above as if fully set forth herein.

51. Denied.

52. The allegations in Paragraph 52 purports to summarize certain requirements of the FLSA. Defendants deny Plaintiff was entitled to any overtime compensation.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

**COUNT TWO: VIOLATON OF CONNECTICUT MINIMUM WAGE ACT**

1-50. Defendants incorporate by reference and re-allege their responses to Paragraphs 1 through 50 above as if fully set forth herein.

59. The allegations contained in Paragraph 59 state legal conclusions to which no response is required. To the extent a response is required, denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

65. Denied.

66. Denied.

67. Denied.

**COUNT THREE: VIOLATION OF CONNECTICUT GENRAL STATUTE § 31-72**

1-50. Defendants incorporate by reference and re-allege their responses to Paragraphs 1 through 50 above as if fully set forth herein.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

**COUNT FOUR:   HARASSMENT AND DISCRIMINATION BASED ON GENDER IN VIOLATION OF CFEPA**

1-50. Defendants incorporate by reference and re-allege their responses to Paragraphs 1 through 50 above as if fully set forth herein.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

**COUNT FIVE:     GENDER DISCRIMINATION IN VIOLATION OF CFEPA**

1-50. Defendants incorporate by reference and re-allege their responses to Paragraphs 1 through 50 above as if fully set forth herein.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

**COUNT SIX:     INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1-50. Defendants incorporate by reference and re-allege their responses to Paragraphs 1 through 50 above as if fully set forth herein.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

**COUNT SEVEN:   BATTERY**

1-50. Defendants incorporate by reference and re-allege their responses to Paragraphs 1 through 50 above as if fully set forth herein.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

**COUNT EIGHT:    ASSAULT**

1-50. Defendants incorporate by reference and re-allege their responses to Paragraphs 1 through 50 above as if fully set forth herein.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied

**COUNT NINE:    RETALIATION IN VIOLATION OF CFEPA**

109. Admitted.

110. Defendants admit they received the CHRO complaint on or about August 8, 2023.

111. Denied.

112. Defendants admit Malloves filed and served a complaint dated September 5, 2023 given Plaintiff's theft from Defendant asserting the causes of action for breach of fiduciary duty, statutory theft, conversion, unjust enrichment, violation of the Connecticut Unfair which served on Plaintiff . Except as so stated, denied.

10

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

## AFFIRMATIVE DEFENSES

Defendants asserts the following affirmative defenses in response to Plaintiff's Complaint. Nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

This Court lacks supplemental jurisdiction over Plaintiff's state law claims.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief exceed that which is permitted by statute, and, therefore, must be denied.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants acted at all times in good faith.

**SIXTH AFFIRAMTIVE DEFENSE**

Plaintiff is an exempt employee.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the equitable doctrine of unclean hands due to her own bad faith conduct including her theft from Malloves.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants are entitled to a set-off for any amounts allegedly owed as a result of Plaintiff's theft from Malloves by using Malloves' credit cards and financial resources for her own personal gain.

Dated:  March 1, 2024

By: /s/ Jonathan M. Shapiro
Jonathan M. Shapiro (ct24075)
Aeton Law Partners LLP
311 Centerpoint Drive
Middletown, Connecticut  06457
Telephone:  (860) 724-2160
Facsimile:  (860) 724-2161
Email: jms@aetonlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this day, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      This 1st day of March, 2024.

                                      /s/ Jonathan M. Shapiro ct24075
                                      Jonathan M. Shapiro