UNITED STATES DISTRICT COURT
DISTRICT COURT OF CONNECTICUT

---

| | |
|---|---|
| **CHRISTINE GRAICHEN,** | : CIVIL ACTION NO. |
| | : 3:23-cv-00824-MPS |
| **Plaintiff,** | : |
| | : |
| -against- | : |
| | : |
| **CONNECTICUT NOVELTY COMPANY d/b/a** | : |
| **MALLOVES JEWELERS, and MARC LEVIN,** | : |
| **Plaintiffs** | : MARCH 7, 2024 |

---

### PLAINTIFF'S MOTION TO STAY PROCEEDINGS

Plaintiff, Christine Graichen hereby moves that the Court enter a stay of these proceedings, including a stay on discovery, pending the outcome of parallel criminal proceedings recently started against Plaintiff.

On January 31, 2024, Plaintiff was charged with several crimes, based on a criminal complaint filed by Defendants Marc Levin and Connecticut Novelty Company d/b/a Malloves Jewelers. In their initial answer as well as their answer to Plaintiff's Amended Complaint, Defendants have raised factual allegations of these crimes as part of multiple affirmative defenses. If Plaintiff were to respond in this civil case it would violate her rights under the State and Federal Constitutions, particularly her Fifth Amendment right against self-incrimination.

I.   **Factual Background**

Plaintiff Christine Graichen was employed by Plaintiff for over twenty years until her termination in late March 2023. After her termination, on approximately June 23, 2023, Plaintiff filed a sexual harassment and hostile work environment claim against Plaintiff at the Connecticut Commission on Human Rights and Opportunities. Shortly thereafter, on

July 6, 2023, Plaintiff filed a failure to pay overtime wages lawsuit against Defendant in Federal District Court. In both of these claims Marc Levin, the sole owner of Malloves, was named as an individual Defendant/Respondent.

On August 22, 2023, Malloves filed a lawsuit in Connecticut Superior Court against Ms. Graichen, alleging Breach of Fiduciary Duty (Count One), Statutory Theft (Count Two), Conversion (Count Three), Unjust Enrichment (Count Four), Violation of the Connecticut Unfair Trade Practices Act (Count Five), and Declaratory Judgment (Count Six).  Ex. A, Def. Malloves Sept. 5, 2023 Compl. When Malloves filed its Complaint, it also filed an application for prejudgment remedy, with a hearing that began on January 17, 2024. Defendant Levin also filed a criminal complaint against Plaintiff, which resulted in Ms. Graichen being charged with Larceny in the First Degree, Criminal Mischief in the Third Degree, Receipt from Illegal Use of Credit Card, Illegal Use of Payment Card, and Computer Crime in the Fifth Degree on January 31, 2024. See Docket No. M09M-CR24-0247169-S. (Ex. B).

The gravamen of Defendant Malloves suit against Plaintiff is that she misappropriated funds from Defendant's credit card and bank account and attempted to hide this act by deleting company information from Defendant's computer.  These are the exact same factual underpinnings of the criminal complaint Defendant Levin filed against Plaintiff.  Defendant asserts the exact same factual allegations in its Affirmative Defenses in several sections.  *See* Def. Answer to Am. Compl. ¶ 15. 18.  *See also* Def. Answer to Am. Compl., Seventh and Eighth Affirmative Defenses. Plaintiff recently filed a motion to stay with the Superior Court with respect to Defendant Malloves' suit against Plaintiff as they have brought the exact same factual allegations as in the criminal complaint

Malloves filed and therefore raises the same issue of Plaintiff's right against self-incrimination.

II. **STANDARD OF REVIEW**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (citing *Landis v. N. Am. Co*, 299 U.S. 248 (1936)). A district court "has the discretionary authority to stay a civil proceeding pending the outcome of a parallel criminal case when the interests of justice so require." *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp. 2d 6, 8 (D. Conn. 2002). "Courts have generally been concerned about the extent to which continuing the civil proceeding would unduly burden a defendant's exercise of his rights under the Fifth Amendment, which provides that '[n]o person . . . shall be compelled in any criminal case to be a witness against himself.'" *Louis Vuitton*, 676 F.3d at 97. A stay can protect a defendant from making a "Hobson's choice" of choosing to be prejudiced in the civil litigation if the defendant asserts his Fifth Amendment privilege, or from being prejudiced in the criminal proceeding if he or she waives that privilege in the civil litigation. *Nesbitt v. Berner*, No. 3:18-CV-00699 (VLB), 2018 U.S. Dist. LEXIS 185458, at *15-16 (D. Conn. Oct. 30, 2018) (citing *Louis Vuitton*, 676 F.3d at 97).

"In determining whether to impose a stay . . . the court must balance the interests of the litigants, nonparties, the public and the court itself." *Chorches v. Ogden (In re Bolin & Co., LLC)*, No. 3:08-CV-1793 (SRU), 2012 U.S. Dist. LEXIS 128446, at *4 (D. Conn. June 27, 2012). "The pertinent factors include: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the interests of the

party seeking to proceed in an expeditious resolution and the prejudice to that party in not proceeding; (3) the interests of and burdens on the party seeking the stay; (4) the interests of other persons not parties to the civil litigation; (5) the interests of the public in the pending civil and criminal actions; and (6) the convenience to the court in the management of its docket and in the efficient use of judicial resources." *Id.* at *5 (citing *Bridgeport Harbour Place*, 269 F. Supp. 2d at 8; *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).

### III. ARGUMENT

In the instant matter, a balancing of the equities strongly weighs in favor of the Court exercising its discretion to issue a stay in this case pending further proceedings in Plaintiff Graichen's criminal case. Defendants' Affirmative Defenses contain the exact same factual allegations that are in its lawsuit against the Plaintiff, which also serve as the factual support for the criminal allegations against Plaintiff.

For instance, Defendants' Answer contains the factual allegation that, "Plaintiff thereafter worked for Malloves until March 2023 when her employment was terminated as a result of her efforts to destroy company property in an effort to conceal her theft from Malloves." Def. Answer to Am. Compl. ¶ 15. Defendant Malloves' lawsuit against Plaintiff states, "Malloves terminated her [Plaintiff] employment upon discovering her efforts to destroy Malloves' property and hide her theft." Ex. A, ¶ 20. Defendants' Answer also alleges, "her use of Malloves' credit cards and financial resources for her own personal gain without the knowledge of Levin." Def. Answer to Am. Compl., ¶ 18. Its lawsuit against Plaintiff similarly alleges that "At no point did Malloves ever authorize Defendant to use Malloves' funds and resources for her personal gain." Ex. A, ¶ 19.

Furthermore, Defendants' seventh and eight affirmative defenses rely on the "unclean hands" doctrine and "set-off" defenses where they again allege Plaintiff misappropriated funds. It would severely prejudice Plaintiff to simultaneously testify and participate in litigation for the same factual allegations in a criminal trial, civil proceeding from the lawsuit brought by Defendant Malloves, and also defend against the same allegations in the instant case. Plaintiff has already filed a motion to stay with the Superior Court with respect to Defendant Malloves' suit as it brings the same factual allegations as in the criminal complaint Malloves filed. Therefore, this matter must be stayed until the parallel criminal proceedings have concluded.

### A. **Plaintiff Will Be Significantly Burdened and Prejudiced if the Action is Not Stayed**

Plaintiff will suffer significant prejudice if the proceedings continue. "Courts often grant motions to stay on the grounds that the Fifth Amendment privileges of certain parties are implicated." *Bridgeport Harbour Place*, at 9. In *Bridgeport Harbour Place*, the Court agreed with the Government's arguments that the stay would not overly burden plaintiffs because it was "not asking the plaintiff to forego its civil claims, only to postpone them for several months." *Id.* at 8–9. Furthermore, the Court noted that a party's Fifth Amendment privilege can "trump" another party's interest, and "[a]llowing the civil case to proceed before the criminal case is resolved will force the defendants, particularly those who have pleaded guilty to the criminal charges, to make a 'Hobson's Choice.'" *Id.* at 9. Ensuring parties avoid this choice is a "key concern" to the courts and often outweighs a party's interest in an expeditious resolution of claims. *Id.* at 9. *See also Transworld Mech.*, 886 F. Supp. at 1140 ("These interests, however, are trumped by defendants' interests in avoiding the quandary of choosing between waiving their Fifth Amendment rights or

effectively forfeiting the civil case."); *Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1498 (S.D.N.Y. 1987) ("Where invocation of the fifth amendment imposes undue sanctions or penalties on a defendant, a court may in its discretion stay civil proceedings, postpone civil discovery, or impose protective orders and conditions in the furtherance of the interests of justice.").

Here, Plaintiff Graichen has a specific and critical interest in staying the civil actions—preserving her Fifth Amendment privilege against self-incrimination. Furthermore, a plaintiff's interest in upholding her Fifth Amendment rights with respect to *parallel* criminal matters have been held to outweigh plaintiff's interests in the efficient and quick resolution of claims especially "where the subject matter of both cases overlaps to a significant degree and the criminal case is expected to be resolved by the end of the year." *See Plumbers & Pipefitters*, 886 F. Supp. at 1140 (holding that it is "clear that a stay is warranted" because the subject matter in both cases was similar); *Bridgeport Harbour*, 269 F. Supp. 2d at 9 (finding that, even though the criminal case could not be resolved by the end of the year, "the criminal and civil cases clearly overlap" which weighed in favor of granting the government's motion to stay civil discovery).

Plaintiff is currently facing serious criminal charges in Connecticut Superior Court which stem from her prior, long-time employment relationship with Defendants Malloves and Marc Levin. While the instant case involves unpaid overtime claims in violation of the FLSA, the Amended Complaint includes serious allegations against Mr. Levin of sexual harassment and discrimination against Ms. Graichen. The allegations against Ms. Graichen, and any defenses she has against the charges, will most likely be significantly intertwined with the longstanding pattern of abuse and discrimination she suffered at the

hands of Mr. Levin. Because of the overlap between the civil and criminal claims, in order to adequately defend against her criminal charges, Plaintiff will be essentially required to choose between preserving her Fifth Amendment privilege against self-incrimination and undermining her civil action.

Moreover, courts are concerned with the "differences in discovery afforded parties in a civil case and those in a defendant in a criminal case." *Bridgeport Harbour*, 269 F. Supp. 2d at 10. In *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992), the Court, in determining whether to grant the Government's motion to stay, noted that "[a]llowing civil discovery to proceed . . . may afford defendants an opportunity to gain evidence to which they are not entitled under the governing criminal discovery rules." Here, Defendant will have ample opportunity, under the far more liberal rules of civil discovery, to obtain information that otherwise would not be available to him in the criminal matter. Furthermore, a stay may actually streamline later civil discovery "since transcripts from the criminal case will be available to the civil parties." *Id.* at 1011.

On balance, Plaintiff's interest in preserving her Constitutional rights far outweighs any interest the parties have in continuing the civil proceedings. This weighs in favor of staying the upcoming prejudgment remedy hearing, along with any other proceedings relating to the civil case, during the pendency of the criminal case against Plaintiff.

**B. <u>The Principles of Judicial Efficiency and the Public Interest</u>**

Courts may also weigh judicial efficiency, the interests of third parties, and the public interest when determining whether to grant a motion to stay.

Here, the instant case is still in the preliminary stages. Only Defendant Levin has testified in the PJR hearing and the first day of the hearing concluded in the middle of his

cross examination. While Plaintiff propounded discovery requests on February 16, 2024, no written discovery has been completed in the case. There is no trial date set for the instant case. No one has asserted any other interest in the case, so staying the proceedings would not have any "material, negative impact" on the public's interest. Furthermore, as described above, staying the proceedings will likely streamline discovery in the civil case once it resumes. *LaBianca*, 801 F. Supp. at 1011; *Rosenthal v. Giuliani*, 2001 U.S. Dist. LEXIS 1207 (S.D.N.Y. Feb. 9, 2001).

Because the civil and criminal case are based out of the same factual nucleus, and Plaintiff would be severely prejudiced if she were forced to forego her Fifth Amendment right against self-incrimination, the Court should grant Plaintiff Graichen's motion to stay.

### IV. CONCLUSION

WHEREFORE, Plaintiff Graichen respectfully requests that the Court grant her Motion for a stay of this matter until the resolution of the criminal proceedings.

PLAINTIFF, CHRISTINE GRAICHEN

By: /s/ Claire M. Howard
   Claire M. Howard
   Madsen, Prestley & Parenteau, LLC
   402 Asylum Street
   Hartford, CT 06103
   choward@mppjustice.com
   Tel. (860) 246-2466
   Fax: (860) 246-1794
   Attorneys for the Plaintiff

**CERTIFICATION OF SERVICE**

    I hereby certify that on March 7, 2024, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                            */s/ Claire M. Howard*
                                            Claire M. Howard